Randall *v.* Songer.

JOHN R. RANDALL, Plaintiff in Error, *v.* JACOB SONGER, Administrator, &c., Defendant in Error.

ERROR TO CLAY.

It is not enough for a decree to recite that the defendant has been duly served, but the summons or advertisement should appear in the record.

THIS cause was heard before HARLAN, Judge, at March term, 1851, of the Clay Circuit Court.

R. S. NELSON, for Plaintiff in Error.

BEECHER and HOUTS, for Defendant in Error.

TREAT, C. J. This was a bill in chancery to foreclose a mortgage. A summons was returned not served. An affidavit of the non-residence of the mortgagor appears in the record; and the decree of foreclosure states, that "it appears to the satisfaction of the court, that due notice has been given by publication, of the pendency of this suit." There is nothing else in the record to show that the defendant was before the court. This is not sufficient to support the decree. In order to sustain a decree by default, it should affirmatively appear that the defendant has been regularly brought into court. A complainant is not entitled to a decree *pro confesso*, until the defendant has been served with process, or has been regularly notified of the pendency of the suit. The latter must have actual or constructive notice of the proceeding against him, before his default

can be properly entered. The record fails to show any such notice in this case. The statute prescribes the mode in which a non-resident defendant is to be brought into court. It requires an advertisement to be published in a newspaper for four successive weeks, " containing notice of the pendency of such suit, the names of the parties thereto, the title of the suit, and the time and place of the return of the summons in the case." This advertisement is the act of the clerk, and it performs the same office as process. It is as much a part of the record of the case, as is the summons issued to the sheriff: *Vairin* v. *Edmonson,* 5 Gilm. 270. It is not enough for a decree to recite that the defendant has been duly served with process, or that he has been regularly notified of the pendency of the suit; but the summons or advertisement should appear in the record, so that this court may determine whether the statute has been complied with.

The decree will be reversed and the cause remanded.

*Decree reversed.*