ANN H. OSBORNE, *et al.,* Plaintiff in Error, *v.* JACOB HORINE, Defendant in Error.

### ERROR TO MONROE.

A petition for the assignment of dower is a chancery proceeding; and the record should show the evidence upon which the decree was founded; and, where the answer to the petition admits the right, and no evidence is furnished of the release of it, this court will presume that a decree which does not assign dower, is erroneous.

THE opinion of the court furnishes a statement of the case. The decree complained of was rendered at September term, 1855, of the Monroe Circuit Court.

ABBOT, UNDERWOOD and QUIRK, for Plaintiff in Error.

G. KOERNER, for Defendant in Error.

CATON, J.   This was a petition filed for the assignment of dower.   The answer admits the facts set up in the petition, showing the right to the dower claimed, and sets up as new matter by way of defence a release of the dower by the dowress. Upon the hearing, the petition was dismissed at the complainant's cost, upon which the case is brought to this court for review.   The record presents no evidence of this release.   By Section 19, Chapter 34. R. S., this question was expressly required to be filed on the chancery side of the court, and it must be governed by the rules of evidence and practice which obtain in that court.   *Kimball* v. *Cook,* 1 Gilman 423.   It has been repeatedly decided by this court, that we cannot, in chancery cases, presume that any evidence was given in the cause in the court below except what appears in the record.   *White* v. *Morrison,* 11 Ill. 361.   *Ward* v. *Owens,* 12 Ill. 283.   Here the answer admits enough for the complainant's purpose, and the record fails to show any proof establishing the defence set up. In the absence of such proof in the record, we cannot presume that any was before the court on the hearing.

There being nothing therefore to sustain the decree, it must be reversed, and the suit remanded.

*Decree reversed.*