ELLENDER MASTERSON *et al.*, Plaintiffs in Error, *v.* RUFUS D. WISWOULD *et ux.*, Defendants in Error.

#### ERROR TO MONROE.

In all cases against infants, strict proof is required. The record must furnish proof to sustain a decree against them, whether the guardian *ad litem* answers or not.

THIS was a bill filed to quiet title, and alleges that complainants are owners of certain land in fee simple in said county and in possession of the same. That they derive title as follows: Said Sarah is heir at law of Amelia Masterson, who died seized of the same. That said Amelia was formerly Amelia Ranier, and became seized of said land by an order made by the county court of Monroe county, of partition at the May term, 1817, between the heirs of Jesse Ranier. That in September, 1824, said Amelia Ranier married Benjamin Masterson, by whom she had issue, and that said Sarah is her only surviving heir. That afterward, on the 22d of March, 1846, the said Benjamin T. Masterson married Ellender Tults, by whom he had issue, and died on the 13th of October, 1853, leaving a will, by which he devised said land to Ellender Masterson, during her life or widowhood, and in.tail to her children, and that said devisee claims title thereupon to said land. The bill then prays said will may be canceled as to said land, and that all persons may be enjoined from setting up title to said·land, and for general relief.

The cause was heard at the September term, 1854, of the Monroe Circuit Court, on the bill and evidence.

The testimony of Daniel Converse is the only evidence produced in the case. He swore that he knew the land, and that Rufus W. Wiswould was in possession of the same. He says said land was devised in will to ELLENOR Masterson, who claims title thereby. That Benjamin Masterson and Amelia Ranier lived together as man and wife. She is the same Amelia Ranier named in partition between heirs of Jesse Ranier. Storehouse farm embraces the land set apart to said Amelia Masterson, and Amelia had issue. Sarah Masterson, now Sarah Wiswould, alone survived her mother, she having died about 1835 or 1836. On the 22d day of March, 1846, Benjamin Masterson married Ellenor Fults, and died in 1853. He left a will, and, Converse says, he devised said land to Ellenor his wife during life, and to her children in tail.

The decree states that said cause came on to a hearing on pleadings and evidence, and the court having examined the same, decreed that the devisees of the said Benjamin Master-

son, and their representatives, be perpetually enjoined from setting up title or claim to said land, and that defendants pay the costs of suit, etc.

The defendants below assign errors.

W. H. & J. B. Underwood, for Plaintiffs in Error.

G. Kœrner, for Defendants in Error.

Scates, C. J. The proofs do not sustain the decree. In all cases against infant defendants, strict proof is required. *Greenough et al.* v. *Taylor et al.*, 17 Ill. R. 602; *Hitt* v. *Ormsbee*, 12 ibid. 169, 255, and 260.

This will distinguish the case from that of *Dunn* v. *Keegin*, 3 Scam. R. 292; and default and decree *pro confesso* against adults. Infants cannot be in default in the sense that their rights may be adjudged away, without affirmatively showing that it is equitable and just.

The record must contain enough in such cases to sustain the decree, whether guardian *ad litem* answers or not.

The case will be adjudged here upon the facts shown in the record. *White* v. *Morrison et al.*, 11 Ill. R. 364; 12 ibid. 160, 255, 260, and 283; 16 ibid. 113.

No other proof of title in defendants was shown than the partition, in 1817, among Ranier's heirs, and possession in Rufus Wiswould and wife. For anything that appears, defendants may not claim under a supposed will of Masterson, but by title paramount. To make proof no higher up for title than the partition, it should be shown that both parties derive title from the same source, under that partition. This is not done here, and a higher source of title cannot be dispensed with, to authorize a decree barring them from all claim.

Plaintiffs, it is to be recollected, did not set up or claim title under the will of B. T. Masterson; it has been so imputed or attributed to them by the bill; and the existence of a will has only been shown by parol, without any proof that plaintiffs claim the land under such a will.

It may be, that, upon proper and full proofs, defendants might have a right to a decree to quiet title against such a devise, without showing that plaintiffs claim under it; but in such case, no costs should be awarded against parties innocent of any act or conduct to impeach or cloud the title.

Decree reversed and cause remanded.

*Decree reversed.*