MARY REDDICK, MARY ANN REDDICK, ELIZA ANN REDDICK, and JOSEPH HOWARD, Guardian of the said Mary Ann and Eliza Ann Reddick, minors, Plaintiffs in Error, *v.* THE PRESIDENT, DIRECTORS AND COMPANY OF THE STATE BANK OF ILLINOIS, Defendants in Error.

#### ERROR TO MACON.

Where a default has been taken and a decree entered, *pro confesso*, which recites that the defendants have been regularly notified of the pendency of the suit, by summons or advertisement, a *bona fide* purchaser under the decree will be protected, although the record may not furnish any evidence of a summons or advertisement. The cases of *Randall v. Songer*, 16 Ill. 27, and *Vairin v. Edmonson*, 5 Gilm. 272, modified.

Reddick *et al. v.* President, etc., State Bank of Illinois.

Upon a writ of error in a chancery cause, the Supreme Court will not presume that any evidence was given in the court below, except what appears in the record.

Strict proof is required against infant defendants, and the record must furnish the evidence to sustain a decree against them, whether their guardian answers or not. No confession by their guardian can bind them.

THIS was a bill in chancery to foreclose a mortgage filed by the defendants in error against the plaintiffs in error, in the Circuit Court of Macon county. The opinion of the Court contains a full statement of the case.

B. F. SMITH, for Plaintiffs in Error.

TUPPER & NELSON, for Defendants in Error.

BREESE, J.   This record may be truly said to be a very barren one, as it contains neither bill, subpœna, note, mortgage, nor any of the evidence, if any was produced. The first recital in the record before us, is the following:

In the Macon Circuit Court, October term, October 18, A. D. 1841.

STATE BANK OF ILLINOIS,
            *vs.*                } In Chancery.
MARY REDDICK AND OTHERS.

And now this day comes the complainant by his solicitor, and on his motion, it appearing to the satisfaction of the court that process has been duly served on defendants herein, it is ordered that Mary Reddick, and the said defendants, Mary Ann Reddick, and Eliza Ann Reddick, by their guardian, Joseph Howard, be ruled to answer, plead or demur to complainants' said bill of complaint, on or before the meeting of court to-morrow morning, and that in default thereof, said bill be taken for confessed.

And at the said term of said court, further proceedings were had, as appears of record in said court, as follows, to wit:

The President, Directors and Company of the State Bank of Illinois, Complainants, *vs.* Mary Reddick, and Mary Ann Reddick, and Eliza Ann Reddick, children and heirs at law of William G. Reddick, deceased, and Joseph Howard, Guardian of the said Mary Ann and Eliza Ann Reddick, minors under the age of twenty-one years, Defendants.  } In Chancery.

And now at this day come the said complainants by their solicitor, and the said defendant, Mary Reddick, widow of William G. Reddick, deceased, and the said Mary Ann and Eliza Ann Reddick, by Joseph Howard, their guardian, having wholly failed to answer, demur or plead to the complainants' said bill of complaint, in conformity to the rule heretofore taken on them: It is therefore considered and

adjudged by the court, that the complainants' said bill of complaint be taken *pro confesso* against said defendants. And thereupon this cause coming on to be heard, on bill and exhibits, and it appearing to the satisfaction of the court that default has been made in the payment of the sum of money secured by the indenture of mortgage and promissory note, in said bill of complaint mentioned, and that, in fact, the sum of two hundred dollars, the principal debt in said indenture of mortgage and promissory note mentioned, and the further sum of thirty-eight and fifty one-hundredths dollars, interest thereon, amounting in all to the sum of two hundred and thirty-eight and fifty one-hundredths dollars, remain due and unpaid on the said indenture of mortgage and promissory note, to the said complainants; it is therefore considered, adjudged and decreed, that the said complainants recover of the said defendants the sum last aforesaid, together with their costs, etc. Time, until the first day of December ensuing, is given, within which to pay the money, "and in default thereof, the right and equity of redemption of the defendants in the land in the indenture of mortgage mentioned and described, is forever barred and foreclosed, and a sale ordered, by a commissioner appointed for that purpose."

At the May term, 1842, the commissioner made his report of sale, which was approved. The complainants were the purchasers.

This is the substance of the record, on which the heirs of Reddick assign these errors:

1. That there was no summons against the defendants, and the record does not show how they were served, and the summons ought to be a part of the record.

2. There was no mortgage or note, or other evidence, to show the liability of the defendants to complainants, and no evidence thereof appears of record.

3. The records do not show any facts to justify the court in entering a decree against the defendants.

4. That the defendants were infants, and no confession or answer of guardian *ad litem* could bind them, but strict proof of every fact alleged against them should have been made.

The record is very barren, and we must take it as it appears.

Upon the first error assigned, this court has decided that a complainant is not entitled to a decree *pro confesso*, until the defendant has been served with process, or has been regularly notified of the pendency of the suit, and that it is not enough for a decree to recite that the defendant has been duly served with process, or that he has been regularly notified of the pen-

dency of the suit, but the summons or advertisement should appear in the record, so that this court may determine whether the statute has been complied with.   This is the ruling in the case of *Randall* v. *Songer*, 16 Ill. 27, and in the previous case of *Vairin* v. *Edmonson*, 5 Gilm. 272, and which we think, on mature consideration, requires some modification, in view of the vast interests to be affected by it.   It does not seem reasonable to require a party who has purchased land under the judgment of a court of competent jurisdiction, *bona fide*, and with no notice of any such defects as the absence of a summons or notice, to be put in jeopardy of his title, or be required to take the risk of the loss or abstraction of a loose paper from the files, when the decree, or judgment of the court recites the fact, that process was duly served, or the required notice duly given.   These are facts lying at the very threshold of the case, and on which the court is required to be informed and to pronounce, just as much as upon any other facts which may be developed, and no reason can be perceived why the rights of parties, depending upon those facts, should not be as secure, as upon any other adjudicated facts in the cause, especially after the lapse of many years.

It is to be presumed no court would state of record, the existence of facts which had no existence, or pass a decree, or render a judgment, unless proof of service or notice was actually produced.   The record therefore, stating such facts, and nothing to the contrary appearing, it should be received as evidence of their existence.   We think the rule which has obtained, should be thus modified, and this disposes of the first error assigned.

As to the second error assigned, this court has repeatedly decided, that in chancery causes, we are not allowed to presume that any evidence was given in the cause in the court below except what appears in the record.   *White* v. *Morrison*, 11 Ill. 361 ; *Ward* v. *Owens et al.*, 12 Ill. 283 ; *Osborne et al.* v. *Horine*, 17 Ill. 92 ; *Cost* v. *Rose*, id. 276.   And so far as infants are defendants, it has been settled by the court that strict proof is required, and the record must furnish evidence to sustain a decree against them, whether the guardian answers or not. *Masterson et al.* v. *Wiswould and Wife*, 18 Ill. 48 ; *Reavis and Reavis, Minors*, v. *Fielden*, id. 77.

The remaining errors assigned, are disposed of by the decision upon the first two.   No facts are shown to justify a decree against these plaintiffs, and no confession by their legal guardian could bind them, and strict proof of all facts necessary to make them liable, should have been made.   *Cochran* v. *McDowell*, 15 Ill. 10 ; *Hitt* v. *Ormsbee*, 12 Ill. 169 ; *Hamilton* v.

*Gilman,* id. 260; *Tuttle* v. *Garrett,* 16 Ill. 354; *Greenough* v. *Taylor,* 17 Ill. 602.

The record does not show the whole case upon which the court below decided. Taking it as it is, on its face, there is not sufficient to sustain the decree, on the principles established by the cases cited. The decree must be reversed, and the cause remanded.

*Judgment reversed.*