# DUSTAN MILLETT *et al.*

## *v.*

# ASIA PEASE *et al.*

1. NOTICE BY PUBLICATION — *non-residents* — *return of "not found."* Since the act of 12th February, 1857, it is not necessary that there should be a return of "not found," to authorize constructive service upon non-residents by publication of notice.

2. SAME — *preserving affidavit of non-residence in the record.* And when it is recited in the notice, and also in the decree which is rendered in the cause, that an affidavit of non-residence was filed, that is sufficient, without the affidavit being preserved in the record.

WRIT OF ERROR to the Circuit Court of McHenry county; the Hon. ISAAC G. WILSON, Judge, presiding.

Asia Pease and Miranda Pease exhibited their bill in chancery in the court below, against Dustan Millett, H. D. Jameson and Harriet P. Jameson, for the foreclosure of a mortgage.

A summons was issued, and returned served upon H. D. Jameson; but no return was made as to the other defendants.

The transcript of the record does not set forth any affidavit of the non-residence of the two defendants, as to whom no return was made; but there was notice to them, by publication, which recites as follows: "Affidavit of the non-residence of Dustan Millett and Harriet P. Jameson, of the above named defendants, having been filed in the office of the clerk of the said Circuit Court, notice is hereby given," etc.

The decree in the cause also recites that, "it appearing to the court that summons has been regularly served upon H. D. Jameson, and due publication of notice as to the other defendants, who are not residents of the State of Illinois, and that all the proceedings to take the bill in this case as confessed against the said defendants, have been regular, thereupon," etc.

A default was entered against all the defendants, the bill taken as confessed, and final decree of foreclosure rendered. The defendants below sued out this writ of error; and insist

24

that the Circuit Court erred in entering the default against all
the defendants, because there was no service of process upon
Millett, or Harriet P. Jameson; nor any return of "not
found," as to them, or affidavit of their non-residence, to sup-
port the notice given by publication.

Mr. H. S. HANCHETT, for the plaintiffs in error, contended
that the constructive service by publication of notice, was not
good without a return of "not found" as to the defendants
thus sought to be brought into court; and, also, an affidavit
of their non-residence, which did not appear in the record;
and cited *Cost* v. *Rose*, 17 Ill. 276.

Messrs. GLOVER, COOK & CAMPELL, for the defendants in
error.

The objection that there was no return of the summons as
to Dustan Millett and Harriet P. Jameson, is disposed of by
the statute. Session Laws, February 12, 1857, page 51;
Scates' Comp. 164.

The objection that the affidavit of non-residence is not pre-
served in the record, is not well taken. *Tibbs* v. *Allen*, 27
Ill. 125.

Mr. CHIEF JUSTICE CATON delivered the opinion of the
Court.

It is first objected to the jurisdiction as to those defendants
not personally served, that no summons was returned *not
served* before publication as to them. Formerly, this was a
good objection, but the act of 12th February, 1857, expressly
declares that this shall not be ground for reversal, and, practi-
cally, dispenses with this requirement of the old law.

It is next objected that there is, in the record, no affidavit
of the non-residence of those defendants, which the statute
requires, previous to the publication of notice. This objection
is precisely answered by the statements of this record, and
the decision in the case of *Tibbs* v. *Allen*, 27 Ill. 119. In

this case, as in that, the decree recites that the affidavit was filed, and due publication made ; and the clerk in the notice officially certifies that the requisite affidavit was filed. This, we held, in the case referred to, was sufficient, and so we hold here. The decree is affirmed.

*Decree affirmed.*