# REPORTS OF CASES

DETERMINED IN THE

# SUPREME COURT,

## SEPTEMBER TERM, 1869.

---

## JAMES HEATHERLY AND MARY J. HEATHERLY, APPELLANTS, *v.* HENRY G. HADLEY AND H. C. OWEN, RESPONDENTS.

DISPENSING WITH THE CLASSIFICATION OF BILLS — RIGHTS OF SUITORS. — The Code, by dispensing with the classification of bills, has not taken away the right of suitors to present any cause of suit that formerly could be presented by any form of bill.

JURISDICTION.—Having obtained jurisdiction for one purpose, a Court of equity may hold it for all purposes connected with the transaction.

PROOF CANNOT AID AN ALLEGATION OF SERVICE. — Proof cannot add to the force of an undisputed allegation of the pleading. Where the pleading points out a particular mode of service, if the mode pointed out falls short of due service, proofs cannot aid the allegation. Nothing shall be intended to be out of the jurisdiction of a Superior Court except that which specially appears to be so.

RECORD RECITAL OF JURISDICTIONAL FACTS.—If the record contains a recital of the facts requisite to confer jurisdiction, it is conclusive when attacked collaterally. If the record is silent as to jurisdictional facts, they will be presumed to have been duly established, but such presumption may be rebutted by extrinsic evidence. If it appears by the record expressly, or by necessary implication, that the cause of action was beyond the jurisdiction of the Court, or that the Court proceeded without notice to the parties, no presumption in favor of the jurisdiction arises, and the judgment will be void.

VOL. IV.—1

STRICT COMPLIANCE WITH THE STATUTE NECESSARY.—When a Court of record seeks to acquire jurisdiction by a course specially pointed out by statute, a strict compliance is necessary.

PROOF OF SERVICE.—Proof of service must be made in the Court in which the process is returnable.

A PARTY IS NOT PRECLUDED BY RECITALS IN A DECREE.—A recital in a decree, " that notice has been given in due form of law," will not preclude a party from denying the jurisdiction in a suit brought to reform the decree. When the decree contains a recital that due service was made and the return purports to set out the mode of service, and the mode set out is insufficient, the recital will not aid the return.

EXTRINSIC EVIDENCE IN AID OF THE RECORD.—When extrinsic evidence is admitted in aid of the record, the fact permitted to be proved in a subsequent proceeding is not solely that process was in fact served, but that there was proof of service before the Court that rendered the decree.

ADMISSION OF SERVICE.—An admission of service must state the time and place.

APPEAL from Marion County.

This is a suit in equity, brought by plaintiffs to have a certain decree of foreclosure rendered against them and others in favor of defendants, in the Circuit Court for the County of Lane, in October, 1863, and the sale made under it, set aside, and an accounting taken between the parties, upon the grounds—

That there is no proof, as required by law, of the service of summons, and that the Court had no jurisdiction in the prior suit; and

That the decree in that suit was for a greater amount than was due, and that it was procured by fraud.

At the preceding term of this Court, the suit was heard upon an appeal from a decree rendered in favor of the defendants upon the pleadings. The proceedings upon that appeal are reported in 2 Ogn. 269. The decree appealed from was then set aside, and the case being remanded to the Circuit Court for further proceedings, was heard before a referee upon proofs, without amendment of the pleadings. The referee found among other facts that there was no legal service of summons upon Heatherly; that the Sheriff's return did not show such service, and that it could not be shown in any other way; that the Court had no jurisdiction,

and that the judgment and sale should be set aside.    He then proceeded to state an account between the parties, in which he found Heatherly indebted to defendants about $6400, on payment of which he was to have possession of the premises.

Both parties filed exceptions and moved to set aside the report, and defendants moved the Court on the pleadings and evidence to dismiss the bill.    This motion was allowed, the Court finding that the original decree of foreclosure was valid and binding; that the sale made under it passed the title to the purchaser; that there was no fraud or misrepresentation in procuring the decree; that the sale was regular, and that legal notice thereof had been given.

The other facts appear in the opinion of the Court.

*Williams & Willis,* for Appellants.

The only proof of service of summons and complaint authorized by law is the return of the officer thereon. (Civ. Code, § 53.)

It does not appear by this certificate that a *certified* copy of the complaint was served;

That James Heatherly could not be found;

That a certified copy of complaint and summons was left for defendant James Heatherly, and it appears that but one copy of the complaint and summons was left for two defendants.    She was one of the defendants upon whom they attempt to prove service by this return, and it was necessary to leave copies with her to get service on her, and if the complaint had been duly certified, it might have been a service on her.    It ought to clearly appear that he was the person intended to be served, and that the service was sufficient. (1 Ogn. 112, 113, 114; 24 Ill. 227.)

Jurisdictional facts ought to appear affirmatively, and when what was done appears by the return, it cannot be aided otherwise.    Where other than personal service is relied on, there must be a strict compliance with the statute. (13 How. Pr. R. 43; 16 How. Pr. R. 144, 149, 150; 12 Cal. 100–2; 20 Cal. 81; 14 How. Pr. R. 381; 3 How. Pr. R. 109; 34 Barb. N. Y. 95; 26 Ill. 507.)

If a Court has acted without jurisdiction, the proceeding is void. And if this appears upon the record the whole is a nullity. (11 Wend. 648, 652; 14 How. (U. S.) 337; 28 N. Y. 294; 30 Ill. 109, 116; 23 Ill. 445; 13 Wisc. 569; 18 Ill. 551.)

The defendant may show, notwithstanding it is averred in the record that he was duly served, that in fact he never was served. (5 Wend. 148; 9 Wisc. 328; 16 Ill. 27.)

Where the record discloses a particular mode adopted to obtain jurisdiction, if that is not sufficient, it will not be presumed that any other mode was adopted, or that jurisdiction was acquired in any other way. (14 Wisc. 28; 23 U. S. Dig., p. 344, div. 119.)

The decree of foreclosure was void, and not voidable, and the remedy is not, as contended, by appeal, for no appeal would lie under our Code, nor by motion under § 100 of the Civil Code, for that only provides relief for "mistakes in advertence, surprise, or excusable neglect" of a defendant in suffering a judgment at law to go against him, but a decree may be impeached under § 377 of the Civil Code.

By that section, "bills of revivor, of review, cross-bill, etc., are abolished," "but a decree in equity may be impeached and set aside, or suspended, or avoided, or carried into execution by an original suit." This may have abolished the remedy in any of the ways referred to, but left the right formerly obtained in that way to be now obtained by an original suit to impeach a decree. And this section in equity practice has a similar meaning to § 62 in pleading at law. By bill of review, judgments and decrees were always set aside for defects apparent on the record (Story Eq. Pl. § 407), of jurisdiction or otherwise. Such a bill was not an original bill, but was filed by leave of the Court. Under our practice the same rights are enforced without leave, by an original bill to impeach a decree. And the decree may be impeached for want of jurisdiction in the Court to render it; and when thus drawn in question for that purpose, it is not a *collateral* attack, but a *direct* proceeding to impeach, and no presumptions will be indulged

in its favor, but whatever is necessary to support it must appear. (4 Tex. 391; 11 Cal. 372; 30 Ill. 223; 13 Ohio State R. 438.)

Equity grants relief not only against deeds, writings, and solemn assurances, but against judgments and decrees, obtained by fraud and imposition. (2 Barb. 586; 3 Barb. 616; 1 Johns. Ch. 401.)

*S. Ellsworth and L. F. Mosher*, for Respondents.

There is on file with the testimony a complaint sworn to by James Heatherly, in which it is stated that the service was made by a copy of complaint prepared and certified to by plaintiffs' attorney. In addition to this, the decree of foreclosure recites that "the defendants being duly served with process, come not," etc.

1. The return of the Sheriff is, by a fair interpretation of the language, a full and complete service according to the statute. It is not necessary to serve the wife in a foreclosure suit. (2 Johns. Ch. 139; *Fahie* v. *Pressy*, 2 Ogn. 22.)

2. The jurisdiction of Superior Courts is presumed, and their judgments are conclusive in themselves, unless plainly beyond their jurisdiction. (*Astor* v. *Grignon's Lessee*, 2 How. 319; *Foot* v. *Stevens*, 17 Wend. 483; *Hart* v. *Sexias*, 21 Wend. 40; *Voorhees* v. *Bank United States*, 10 Pet. 193; *Tallman* v. *Ely*, 6 Wisc. 244; 13 Ohio (N. S.), 446; 14 Iowa, 309; 9 Cal. 320; 33 Cal. 505; 11 Cush. Mass. 277; 10 Allen, 488; 20 N. Y. 298; 40 Barb. N. Y. 417.)

The law on this point is laid down by the Supreme Court of this State in *Carland* v. *Heineborg* (2 Ogn. 97), in these words: "It is essential that Courts have such jurisdiction, that parties and their rights shall not be unfairly dealt with; and when a Court has so disposed of its business as to leave no other impression upon us, after due consideration, than the strongest of presumptions that it has properly exercised its authority, neither technicality, nor apparent omission, nor loss, should cause us to disturb a solemn decree."

3. Where the record of a Superior Court sets forth the

facts necessary to give it jurisdiction, they cannot be contradicted in a collateral proceeding. (*Astor* v. *Grignon's Lessee*, 2 How. 319; 39 Ill. 127; 31 Ill. 162; 27 Ill. 145, 496; 33 Cal. 678; 14 Iowa, 309; 22 Maine, 128; 18 Pick. 393; 13 Ohio (N. S.), 431; 1 Smith Leading Cases, 841.)

4. The testimony in this case shows that the service was correctly made. This testimony was not introduced to contradict the Sheriff's return, but to show that the supposed irregularity in the service was a technical defect of the Sheriff in making his return. That proof of the service can be made *aliunde*, we cite: 6 Barb. N. Y. 621; 2 Ogn. 53; 6 Wisc. 256; 20 N. Y. 304; 2 Hill, 413; 1 Ogn. 295; 15 Johns. 121.

5. Irregularities in service do not render a judgment void, but voidable. (*Fisher* v. *Bassett*, 9 Leigh, 119; *Prigg* v. *Adams*, 2 Salk. R. 674; 18 How. Pr. R. 347; 4 E. D. Smith, N. Y. 428; 12 Barb. N. Y. 547; 2 Barb. N. Y. 586.)

6. If the Court had jurisdiction, a sale made under its decree cannot be set aside, however erroneous, and the plaintiff in execution stands in the same position of any other purchaser. (*Gray* v. *Brignardello*, 1 Wall. 627; *Parker's Heirs* v. *Anderson's Heirs*, 5 T. B. Monroe, 445.)

7. Sheriff's sale was regularly confirmed. (Civ. Code, § 293, sub-div. 4.)

By the Court, UPTON, J.:

The prominent points presented for our consideration by this appeal are embodied in the following opinion delivered in the Circuit Court upon rendering the decree appealed from:

" The Court finds that (in the view the Court takes of the case as it is now presented) many of the findings of the referee become immaterial, for the referee holds that the decree of foreclosure was void for want of sufficient service on the plaintiff (then defendant) to give the Court jurisdiction.

" I entertain a different view, and hold that the decree, in the absence of fraud or mistake in procuring it, is binding

and cannot be declared void in a collateral proceeding by mere inspection of the record.

"And as there is no sufficient evidence of fraud in the procurement, the decree will have to stand and is binding on the land, and the sale under it operates as a transfer of the title. I think the objection to the regularity of the sale, on the ground of a want of notice, cannot avail to disturb the sale at this time, in the absence of evidence to show that there was fraud and collusion in making it, or injury to the plaintiff. And I also think that the weight of authority is in favor of the purchaser.

"The real issue in this cause is as to whether there was fraud or not in procuring the decree of foreclosure which this suit is brought to set aside.

"I fully agree with the findings of the referee in that behalf, that there is no sufficient evidence of fraud. And as the plaintiff has failed in this issue, the plaintiff cannot open the decree to inquire into the various amounts that went into that decree to make up its aggregate; for this suit is not brought to reform the decree in these respects; it is to declare the decree void and then go into the original account between the parties and strike a balance between them, to ascertain what is now due on the mortgage for which the land is liable, and as the Court cannot set aside the decree, it cannot go into these accounts. I think also, in a case of this kind, when an issue has been made on the facts of the regularity of the service, that declarations of the plaintiff that he was duly served and had due notice of the suit in which the decree was rendered, may be given in evidence to support the regularity of the service and to show jurisdiction."

The two questions for determination are:

First. Is the attempt to impeach the original decree which is made by this plaintiff direct or collateral?

Second. If it be found to be direct, are the grounds for setting it aside sufficient?

In reply to the first question, we are unable to assent to the proposition that this is a collateral proceeding.

The statute abolishes bills of review, and the nomencla-

ture of bills heretofore used, and provides that "a decree in equity may be impeached and set aside, or suspended, or avoided, or carried into execution by an original suit." (Civ. Code, § 377.) A bill of review, for which the Code now substitutes an original suit, was a bill filed to procure an alteration or reversal of a decree made in a former suit. It was requisite that a bill of review show either error in law appearing *in the record*, without resorting to extrinsic evidence, or some new matter that has arisen in time after the decree, or some discovery after the decree. If the facts stated in the complaint, taken as true, show such errors in law appearing in the record of the former suit as justify the intervention of a Court of equity, this case is such as was formerly presented by a bill of review; or by a bill in the nature of a bill of review, according to whether or not the decree had been enrolled.

The gravamen of the complaint in this case is the wrong alleged to be done by the rendition of a decree for more money than was due; for interest that was unlawful, and upon a false representation of the condition of the accounts; and that such decree was rendered when, for want of sufficient service, the Court had no jurisdiction of the person of the defendant, the present plaintiff. The complaint also charges that the decree was obtained by fraud. Facts are stated in the complaint which, if true, would authorize a Court of equity to suspend or set aside the decree, and to order an account, and decree a resale of the premises.

The complaint, besides containing the general prayer, asks specifically, not only that the decree may be set aside, but that an account may be taken, and that the present plaintiff be allowed to redeem.

It will not be seriously contended that the Code, by dispensing with the classification of bills, has taken away the right of suitors to present any cause of suit that formerly could be presented by any form of bill. Every complaint is to be judged by the facts stated in it, and not by its formal words; and the prayer for general relief authorizes the Court to administer such relief as is required by the

case made by the pleadings and evidence.    (Story, Eq. Pl. §§ 40, 41.)

It is true, the complaint treats the original decree, and the sale made under it, as void for want of service of summons; and it has been held that equity will not relieve against a void judgment or decree.    If relief from a deed alleged to be void was the only point presented, it could be well questioned whether this suit could be maintained at all.    It has, however, often been held that a void decree may be a cloud on title to real estate.    (*Johnson* v. *Johnson,* 30 Ill. 2–15.)    But beyond that, the bill charges fraud, mistake and the abuse of a trust, and the pleadings show a complicated and disputed account, with a lien upon land for a balance yet to be ascertained.    To determine the character of this proceeding and the jurisdiction, the complaint is taken as true.    Several grounds of equity jurisdiction appear by the bill.    There is no better established rule of equity practice than that, having obtained jurisdiction for one purpose, a Court of equity may hold it for all purposes connected with the transaction.

Appeal cases in equity are to be "tried anew upon and in regard to all questions both of law and fact presented by the transcript."    (Civ. Code, § 533.)

If this Court finds that the original decree and sale are invalid, there is no reason why it cannot proceed to determine the state of the accounts, and if a sale is necessary, to decree a sale in case of non-payment.    If the Circuit Court had found that the present plaintiff, James Heatherly, was not served with summons in the former suit, it would have been proper for that Court to ascertain the state of the accounts between the parties and make final determination of all matters presented by the pleadings.    The facts necessary to a complete determination of the controversy are set out in the pleadings, and the Court was authorized by its general equity powers, as well as by the express directions of §§ 241 and 397 of the Civil Code, to hear and pass upon them.

This point having been disposed of, we come, secondly, to the question whether the grounds upon which the original

decree is attacked or any of them are sufficient to justify its avoidance, and the entry of a decree consistent with the equities of the case as now presented.

Two prominent reasons are assigned by the appellants, in their complaint, why the decree which they attack should be set aside. They are:

First. Fraud in its procurement.

Second. Want of jurisdiction, of the person of the appellant, in the Court rendering the decree.

The finding of the referee against the alleged fraud being sustained by the Circuit Court, need not be further considered.

What is sufficient service of process, and what is competent proof of service, are questions of very great practical importance, upon which the title to property often depends, and they should rest upon well-defined principles and be governed by settled rules. The facts relied upon to establish service of summons are contained in the allegations of the answer and are there stated in the following words: And the said defendants "deny that he, the said James Heatherly, had no notice of the commencement of the said foreclosure suit. But on the contrary, defendants allege that although said James Heatherly was absent temporarily from the county, having gone professionally, as he stated in his own oath in one of the former suits heretofore mentioned, to raise money to redeem his mortgaged property, yet both said defendants were duly and legally served with summons and complaint in said foreclosure by personal service thereof, by the Sheriff of Lane County, as is substantially stated on oath by James Heatherly, in one of the former suits hereinafter mentioned, *and as will more fully appear* by the said Sheriff's return of service endorsed on the said summons, directed to said plaintiffs (then defendants), of which the following is a copy, to wit:

"I hereby certify that I have this 14th day of October, 1863, served the above summons by leaving a certified copy thereof, together with a copy of the affidavit and complaint prepared by plaintiff's attorneys, in the hands of Mary J. Heatherly, wife of the defendant, James Heatherly (she

being a white person above 14 years of age), at his usual place of abode in Lane County, Oregon.

"T. J. BRATTAIN,
"Sheriff.

"And as defendants believe, and therefore allege, plaintiff, James Heatherly, had knowledge of said judgment a few months after its rendition by way of one Mowry, to whom he claimed to have sold some of the mortgaged premises."

As these are all the facts alleged in regard to the service, the case cannot be made stronger by proving facts that are not alleged. The replication denies none of these allegations, except that the Sheriff made the return above recited; that denial is in the form of want of knowledge or information and was deemed of no effect when the case was before this Court at the last term; and the return was produced before the referee and is literally as set forth in the answer. The first sentence above quoted from the answer does not present an issue, for two reasons: First, it speaks of a notice, but does not affirm or deny anything in regard to a summons. Second, it is qualified by the subsequent statements, which undertake to specify how Heatherly received notice. If we except the denial relating to the form of the Sheriff's return, it is evident there is no issue of fact as to whether or not Heatherly was served with process. The Sheriff's return is produced and made part of this record; and all other evidence in regard to the service is irrelevant for want of an issue.

The sole inquiry in regard to service is, whether the facts alleged in the answer and above set out, constitute service of summons and confer jurisdiction of the persons of James Heatherly and wife. The referee's report shows that these defendants did introduce evidence, under objection, to the effect that James Heatherly was absent from the State at the time of this service, and remained absent until a considerable time after the judgment and the sale of the premises, and that he said, in a sworn complaint filed by him, that a copy of the summons and complaint was left with his wife.

I cannot conceive that this evidence would, if properly

introduced, make any stronger case than that stated in the answer; on the contrary, it would strongly tend to show that the place where the copy was left with the wife was not the defendant's place of abode.  This branch of the subject may be dismissed for the present by repeating that proofs cannot add to the force of an undisputed allegation of the pleadings.  The question of jurisdiction of the person is limited to the inquiry whether the answer shows that Heatherly and wife were served with process.

The statute provides that "the summons shall be served by delivering a copy thereof, together with a copy of the complaint prepared *and certified* by the plaintiff, his agent or attorney," as follows:     *     *     *     *     *     "To the defendant personally, or if he be not found, to some white person of the family, above the age of fourteen years, at the dwelling-house or usual place of abode of the defendant."  And § 60 of the Code provides that "proof of the service of the summons, or of the deposit thereof in the post-office, shall be as follows: If the service or deposit in the post-office be by the Sheriff or his deputy, the certificate of such Sheriff or deputy, or if by any other person, his affidavit thereof, or in case of publication, the affidavit of the printer or his foreman or his principal clerk, showing the same; or the written admission of the defendant.  In case of service otherwise than by publication, the certificate, affidavit, or *admission* must state the *time and place* of service."

The answer alleges that Heatherly and wife were served *as will more fully appear* by the Sheriff's return.

An attempt was made in the argument to sever the language of the answer and make of it, not only the allegation of the service as specified in the return, but also an additional allegation of due service.  The language will not bear that construction.  There is but one service spoken of, and the particular mode of service is pointed out.  If the mode pointed out falls short of due service, proofs cannot aid the allegation, and the answer is fatally defective.

The grounds of objection to the service as shown in the return are the following:

1. Although it is claimed there was good service on both Heatherly and wife, yet only one copy of summons or complaint was delivered.

2. It was not served personally on Mr. Heatherly, and it does not appear affirmatively that he was "not found."

3. It does not appear that the copy of the complaint *was certified* by the plaintiff, his agent or attorney.

I can see no reason for taking a view of any of these points more favorably to the sufficiency of the service of process, than was expressed in the opinion of the Court when this case was before it, at the preceding term; but, on the contrary, several of the cases to which I shall have occasion to refer, hold to much more rigid rules than were there announced. The care exhibited by counsel in their investigations, and the able manner in which the case has been presented, as well as the importance of a thorough understanding of the principle that ought to determine a jurisdictional question, so often involving the rights of property, induce me to advert to some of the positions taken, and to several of the authorities cited.

The first position to which I will refer is that "the jurisdiction of a Superior Court is presumed." As a general proposition, this is true.

The rule has been stated as follows: "Nothing shall be intended to be out of the jurisdiction of a Superior Court, except that which especially appears to be so; on the contrary, nothing shall be intended to be within the jurisdiction of an inferior Court, unless it be so expressly alleged." (*Peacock* v. *Bell*, 1 Saund. 74; 4 Cow. 296.)

When, then, does a matter especially appear to be out of the jurisdiction?

The following rules are laid down in aid of this inquiry: "If the record contains a *recital of the facts* requisite to confer jurisdiction, it is conclusive, and cannot be contradicted by extrinsic evidence" (when attacked collaterally). "If the record is silent as to the jurisdictional facts, they will be presumed to have been duly established; but such presumption may be rebutted by extrinsic evidence." (1 Smith's Lead. Cases, 5th Ed. 816.)

But the same authorities maintain the following additional propositions:

First. "If it appear by the record expressly, *or by necessary implication,* that the cause of action was beyond the jurisdiction of the Court, or that the Court proceeded without notice to the parties, no presumption in favor of jurisdiction arises, and the judgment will be void."

Second. "If the Court is not in the exercise of its general jurisdiction, but of some special statutory jurisdiction, it is as to such proceedings an inferior Court, and not aided by presumptions in favor of jurisdiction." (Id. and 2 Cowen & Hill's Notes, n. 87, p. 779.)

When a Court of record seeks to acquire jurisdiction, not in its ordinary mode, but by a course specially pointed out by statute, a strict compliance is necessary. There must be a strict compliance with the statutory mode, and the Court where the process was returnable must act upon proofs of the service *presented in that Court.* This is a point that is overlooked in the argument presented by the respondents. If we look through the authorities cited by the respective counsel in this case, we find many cases where the subject of introducing proof *aliunde* is discussed. But the proposition, that the Courts have permitted to be proved in a subsequent proceeding, is not solely, that process was in fact served, but that *there was proof of service before the Court that rendered the decree.* Accordingly the evidence is usually spoken of as admitted in aid of the record, or to supply a lost or absent record, upon the same principle that in the case of lost instruments there can be no evidence of the terms of the agreement other than the contents of the writing, so in proving a judicial proceeding what transpired in the Court is the subject of inquiry.

There arises a distinction between introducing proof to supply a lost record, or proof of what actually transpired in the Court to explain an ambiguity and in aid of the record, and offering proof of service, now for the first time, that should have been made in the Court when the cause was tried. The latter is simply a proposal to construct a record *nunc pro tunc* from the memory of witness. But the Court

now has no control over that cause or its record, and cannot record *there* the facts found in the course of this trial, and cannot make a record that will show that that Court had jurisdiction.

A record when duly proved should import absolute verity. It should import the same thing at all times, and wherever it is produced. But the rule contended for, under which the respondent offers to prove *aliunde* that James Heatherly admitted, after the judgment was rendered, that he had been served, would make a record subordinate to, and dependent upon, the memory of witnesses. Title would be made to rest, not upon service proved in Court where the matter was adjudicated and a sale decreed, but upon *what can be* proved by the memory of witnesses, about the service of process, whenever in future that record shall be produced as the foundation of title.

The case of *Trimble* v. *Longworth* (13 Ohio, 431), is directly in point not only on the vital questions in this case, but upon several of the positions taken in the argument. It was a bill to reform a decree. The case seems to have been very carefully considered, and if the opinion of the Court be taken as sound law, it settles the following points:

1st. The formal recital in a decree that the defendant was duly served, does not import absolute verity when inconsistent with the return or other proofs of service filed in the cause.

2d. An attack, such as is here made upon a decree, is direct and not a collateral attack.

3d. When jurisdiction of the person is put in issue, it must be proved by the record itself.

4th. A recital in the decree " that notice has been given in due form of law," will not preclude a party from denying the jurisdiction in a suit brought to reform the decree.

5th. The return or other proof of service filed in the case is a part of the record, and in a case like the one under consideration the *record itself* shows that the Court had not obtained jurisdiction of the person.

In *Peck* v. *Straus* (33 Cal. 687), referred to by counsel in the argument, the objection was that the affidavit of ser-

vice, stating that the person who served the process was a citizen twenty-one years old, did not aver that he was such when the service was made. That is, it does not appear but that he might have become a citizen or have become twenty-one years old since the service, and before making the affidavit. The case can afford us but little light. It differs from the one at bar in these particulars:

1. The defendant in the original case had actual notice and an opportunity to defend if he chose.

2. The aggrieved party does not state that the party serving was not authorized, nor that himself was misled or prejudiced.

3. He does not show that he had any defense, or could now make one if the case was opened.

4. The record shows that all the papers contemplated by law in making a service, were actually delivered to the defendant personally.

5. No claim for relief was made, except that the defendant was attempting to enforce the judgment; the plaintiff did not claim that it was for too great an amount, or that he could obtain a more favorable result if allowed to answer.

If it had been the view of the Court that a strict compliance with the statute was not necessary, or that it need not be shown by the record, reference would have been made to the case of *McMillan and Wife* v. *Reynolds* (11 Cal. 372), which must have been overruled to warrant such construction of the law. The same Court held, in a still later case, that a judgment was invalid when the Sheriff returned that he had served a copy, without stating whether or not it was *certified;* and it has uniformly been held by that Court, that when the statute points out a particular mode of service, the statute must be strictly followed.

Other cases are cited, but I think none of them go to the extent of sustaining the decree sought to be reviewed. Reference to them must necessarily be brief.

In *Astor* v. *Grignon's Lessee* (2 How. 319), it is said: "The license to the administrator is full and explicit, showing what was considered on the petition and evidence, and that

every requisite of the law had been complied with before the order was made, by proof of the existence of all the facts upon which the power to make it depended." There was nothing in the record to contradict this, and this case scarcely goes further than to hold that when jurisdiction has been once acquired, error will not be presumed.

*Foot* v. *Stevens* (17 Wend. 483), relates to the effect of a record where *it does not appear what* steps were taken to bring the defendant into Court, and the omission is declared to be "a mere formal defect." It is not in point in a case where the mode of service *is* shown by the record.

*Hart* v. *Seixas* (21 Wend. 40), is also a case where the record is silent as to the mode of service.

The case of *Reno* v. *Pinder* (20 N. Y. 298), presents the question whether a return to which the constable's name was subscribed by another, by the constable's direction, is sufficient, and does not touch any question under consideration.

From a careful examination of all the authorities cited, I am satisfied that what was decided in regard to jurisdiction of the person, and the effect of the record, when this case was before the Court at the preceding term, is settled law both in England and America, and that a less stringent rule would be inconsistent with correct practice, and hazardous to rights of property.

But if evidence *aliunde* could be received to supply the deficiency in the record, that offered in this case is insufficient. The extraneous proof offered consists of an admission contained in a pleading filed by James Heatherly in another cause, which admission does not state any *time or place* of service, and is excluded by § 60 of the Code. Further, the document containing the alleged admission shows that James Heatherly did not dwell, and had no "usual place of abode" in this State, and knew nothing of the suit until after the decree. The alleged admissions are as follows:

First. An affidavit made in 1865, in which Heatherly deposes that there "was no personal service of the summons

and complaint made upon this plaintiff in the action in which such sale was made."

Second. A complaint filed by him in 1867 in which he says, "The said defendants by their attorneys of record issued a summons, irregular in not running in the name of the State of Oregon, and void as plaintiff believes, and directed to the plaintiff, Mary J. Heatherly and others, commanding said plaintiff to appear in the said Court within the given time named therein, and answer said bill named therein, or they would take judgment for the sum of $7634 and interest, and *prepared a certified copy* of said bill and said pretended summons, and the Sheriff of said Lane County left the same with Mary J. Heatherly, wife of this plaintiff, who was then *living separate and apart from him*, thereby claiming to have served this plaintiff with notice of said suit. And plaintiff further alleges that at the time of commencement of said suit, and at the pretended service of said summons, and at the rendition of the judgment therein, hereinafter mentioned, this plaintiff was absent from the State of Oregon and *residing in Idaho Territory*, and continued to be until December, 1864, and denies all knowledge of the suit until long after judgment."

The admission does not show the time or place of service, nor show whether it was the same transaction mentioned in the Sheriff's return, *nor who certified* to the copies. The probabilities may be that a copy of the complaint was certified " by the plaintiff, his agent or attorney." But courts will not intentionally take jurisdiction of the person upon probabilities, and thus make up a record that is to import absolute verity against the person or the property of the citizen when it is uncertain whether he has notice. Proof is entirely wanting to show who certified to the copy mentioned. It may be that this same paper was left at Mr. Heatherly's house, and that Mr. Heatherly was deposing falsely in regard to his place of abode. But in the absence of proof this Court cannot assume that the copies mentioned by Heatherly were certified by a particular person, nor that they are the copies mentioned in the Sheriff's return. In addition to this, is the vital point whether

proof of service was made *in the Court* that decreed the sale; and the other, equally fatal, that the allegations of the answer are no broader than the facts proved by the Sheriff's return, and these allegations cannot be enlarged by evidence. Since none of the allegations of the answer, in this respect, are put in issue by the replication (the want of knowledge of the existence of the Sheriff's return being treated as shown on the former appeal), not even a perfect judgment-roll could be properly put in evidence, because no issue of fact is presented on the point.

A party is not allowed to state one case in his bill or answer and make out a different one by his proofs. (*Boon* v. *Chiles*, 10 Pet. 209; 3 Wheat. 527; 6 Wheat. 468; 11 Wheat. 103; 7 Pet. 274.)

I infer that on the trial in the Circuit Court special attention was not given to the latter point, for the Chief Justice says: "I think, also, in a case of this kind, *where an issue* has been made on the *fact* of the regularity of service, that declarations of the plaintiff that he was duly served and had due notice of the suit in which the decree was rendered, may be given in evidence to support the regularity of the service and show jurisdiction." We have seen that the pleadings do not present such an issue of fact, and the evidence offered does not show an admission of service; and there is no pretense that proof other than the return was made in the Court that made the record. The practice contended for would inevitably impair the value of record evidence.

There are many cases of defective service where Courts of equity have refused to interfere to disturb the judgment or decree, but upon the ground that the bill disclosed no equity in the plaintiff. Where it is disclosed by the bill that the decree prayed for would have no effect but to enable the plaintiff to perpetuate a fraud or delay a creditor, equity declines to interfere; not on the ground that the defective service is held good, but that the Court has a discretion which should only be exercised in favor of a meritorious cause.

There is nothing in the position taken by counsel that

the objection to the mode of service is technical. It is perfectly evident that Heatherly knew nothing of this suit until his land was sold; that if he has lost a chance to defend, it is because by a technical compliance with the statute the defendants have secured technical rights. The rule that requires a statute to be strictly pursued in order to obtain a right given solely by statute, is no more technical than a rule that makes a deed evidence of title to land and excludes parol evidence of a sale, or the rule that excludes parol evidence of the terms of a written contract. On the contrary, the effort to hold property by a decree and sale which the buyer knew was made during the absence and without the knowledge of the former owner, rests all its validity upon a technical compliance with the statute. Rights thus acquired are as purely technical as it is possible to imagine. *When acquired* they are entitled to full protection, but there is no intermediate standpoint between a perfect right, and the absolute nullity that results from a failure to comply with the statute.

If these defendants have strictly pursued the statute, and this is disclosed by their answer, and if they are chargeable with no fraud, either actual or constructive, they have obtained the mortgaged property, whether these plaintiffs had or had not knowledge of the proceedings. But if their answer lacks anything of showing such strict compliance in obtaining service, they have taken nothing by the proceeding. It is no objection that their proceeding is technical, or that one man's property is conveyed to another without his having actual knowledge of any suit. The present plaintiff was bound to know the law, and to know that if the present defendants complied with it, they could foreclose without personal notice to him. And on the other hand, he may well claim that nothing short of a compliance with the statute shall affect him or his property. The decree sought to be reviewed by this suit contains the following recital:

"This cause coming on to be heard on the bill of complaint, and the defendant, though duly served with process, having failed to answer and made default," it is ordered,

etc.   I do not recollect that this recital was relied upon in the argument, as aiding the case made in the answer; but I allude to it here because the effect of such recitals is discussed in several of the cases to which the attention of the Court has been called.

The law applicable to such recitals may be briefly stated to be, that, when the decree recites due service, and the return purports to set out the mode of service, and the mode set out is insufficient, the recital will not aid the return. (*Randall* v. *Sawyer*, 16 Ill. 27; *Moore* v. *Stark*, 2 Ohio St. 369; *McMillan* v. *Reynolds*, 11 Cal. 372; *Braley* v. *Seamon*, 3 Cal. 610; *Anderson* v. *Bell*, 9 Cal. 321; *Polard* v. *Wegner*, 13 Wisc. 569; *Selden* v. *Wright*, 1 Seld. 497; *Sibly* v. *Waffle*, 2 Smith, 198.)

The decree and sale should be set aside for want of jurisdiction in the Court rendering it over the persons of the appellants; and a decree of foreclosure rendered against James Heatherly, and the interests of Mary J. Heatherly, in the mortgaged premises, for the amount found due, less the costs of this suit.

NOTE.—The foregoing decision was rendered when the Court was composed of Boise, C. J., and Prim, Wilson and Upton, Justices.   It was probably overlooked in the publication of the decisions of the September Term, 1869.