## Thomas P. Burke et al. v. Joseph T. Donnovan.

1. SERVICE BY PUBLICATION—*Sufficiency of the Affidavit.*—An affidavit, as preliminary to publication in chancery, which shows where the defendant resides, is sufficient. It is a compliance with the statute to state that a defendant resides at such a place, as at St. Louis, Mo., etc.

2. SAME—*Mailing Notices—Findings of the Decree.*—It is not necessary that the decree should find in specific terms that the clerk mailed the notice to a non-resident defendant, as required by the statute. It is sufficient if it finds, generally, that all steps required by law to notify the defendants have been taken. The mailing of the notice being one of these steps, is necessarily included within the general language of the decree.

3. SAME—*Defective Decree Aided by the Record.*—A decree which is defective in showing a proper publication is aided and rendered sufficient by the clerk's record showing that the proper notice was actually mailed, etc.

4. SAME—*Finding of the Decree that the Affidavit was Filed.*—The publication of the notice is no more indispensable than the filing of an affidavit of non-residence, which is the first step in the process of bringing a defendant into court by publication; and when the record contains no affidavit, the finding of the decree that an affidavit as required by law was made and filed will uphold the jurisdiction of the court, even in a direct proceeding to reverse the decree.

5. SAME—*Certificate of the Publisher—Other Evidence.*—The certificate of the publisher is not the only method of proving the publication. The court has the right to hear other competent evidence on the question, and the recitals of the decree, showing that the publication was duly made, when not contradicted by the publisher's certificate, should be taken as sufficient to sustain the jurisdiction of the court in a direct as well as a collateral proceeding.

6. SOLICITOR'S FEES—*In Foreclosure Suits, $1,000, Reasonable.*—

When the amount of the mortgage debt as found by the decree was $42,000, the allowance of a solicitor's fee of $1,000 is reasonable.

**Bill in Chancery,** to foreclose a mortgage. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the February term, 1895. Affirmed. Opinion filed August 31, 1895.

SPENCER, VAN HOOREBEKE & FORD, attorneys for appellants.

GEO. C. REBHAN, attorney for appellee.

MR. PRESIDING JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

The principal reasons urged for a reversal are two : first, that the court did not have jurisdiction of the persons of the non-resident defendants, and could not render a decree *pro confesso* against them ; and second, that neither the provisions of the mortgage nor the allegations of the bill were sufficient to authorize a decree for solicitor's fees.

As a preliminary suggestion, it is stated by counsel that the affidavit of non-residence does not show the post office address of the defendants, and that such affidavit is fatally defective for that reason. But the affidavit does show where the defendants reside and that is sufficient. It is not necessary to state the street and number; but it is deemed a compliance with the statute to state that a defendant resides at such a place, as, "at St. Louis, Missouri," or, "at San Francisco, California." Hannas v. Hannas, 110 Ill. 53, and Schaefer v. Kienzel et al., 123 Id. 430.

Thereupon appellants present a contradictory argument, alleging on the one hand, that the certificate of publication is defective, and can not be aided by the findings of the decree; and on the other hand, that although the clerk's certificate of mailing notices, which appears in the record, shows full compliance with the law, the mailing of the notices can not be regarded as established without a specific finding in the decree to that effect.

The second of these contradictory propositions is easily

disposed of. While the decree does not find in specific terms that the clerk mailed notices to the non-resident defendants, as required by law, yet it does find, generally, that all steps required by law to notify the defendants have been taken. The mailing of the notices, being one of these steps, is necessarily included within the general language of the decree. Moreover, the record contains the clerk's certificate, which shows that proper notices were actually mailed. Even if the finding, when considered alone, is too general—which we do not concede—the finding, when aided and explained by the clerk's certificate, is certainly sufficient.

A more difficult question arises with reference to the publication of the notice in the newspaper. Appellants argue that if the certificate of publication appearing in the record is insufficient, the court has not acquired jurisdiction, even though there may be a specific finding in the decree of such facts as show a sufficient publication, and the certificate is not contradictory to the finding. Several cases are cited in support of this proposition.

McDaniel et al. v. Correll et al., 19 Ill. 226, was a bill in chancery to set aside a will. It was held that jurisdiction of non-resident defendants could not be acquired under the existing law without the issuance and return of a summons, and that the passage of an act by the legislature dispensing with this formality could not confer jurisdiction where none existed when the decree was rendered. As far as the fact can be ascertained from the opinion no summons was ever issued in this cause.

In Thormeyer et al. v. Sisson, 83 Ill. 188, the clerk failed to mail notices to the non-resident defendant, and it was held that the court did not acquire jurisdiction. It is said by the Supreme Court that the mailing of the notice must affirmatively appear in the record. At the close of the opinion, the court say : " Nor is there anything in the recitals of the record of the judgment that shows any proof was made in the court below that such notice was addressed to defendants at their place of residence, as disclosed, within

ten days after the first publication, or at any other time." Here is a clear intimation that such recitals in the judgment would have been regarded as taking the place of the missing certificate. But whether this was intended or not by the use of the language just quoted is immaterial in view of the fact that this was an attachment proceeding, which the Supreme Court have held to be in derogation of the common law, rendering it necessary that all jurisdictional facts in such cases should be made to appear affirmatively, as is required of courts which are not of general or superior jurisdiction.

In Wallahan et al. v. Ingersoll, 117 Ill. 123, it was held that where the certificate of publication contradicts the finding of a judgment that notice was properly given, the judgment will fail for want of jurisdiction in the court. This case is not an authority in the case at bar, inasmuch as there is no contradiction here between the certificate of publication and the finding of the decree.

In Schaefer v. Kienzel et al., *supra*, the publisher's certificate showed that the first publication was made on July 25, A. D. 1884, while the clerk's certificate showed the mailing of the copy on July 19, 1884; " within ten days of the publication of the notice." There was a finding in the decree that the copy of the notice was sent " within ten days after its first publication." It was held that the date mentioned in the clerk's certificate was a mistake, and that the mailing of the notice according to law sufficiently appeared. This case is not an authority in favor of appellant's proposition.

Baldwin et al. v. Ferguson et al., 35 Ill. App. 393, was a suit in attachment, and what is said there about the necessity of all jurisdictional facts appearing affirmatively in the record, relates to proceedings in attachment, and does not apply to the Circuit Courts when exercising their ordinary functions as courts of superior jurisdiction.

The strongest cases in favor of the position taken by appellants are Vairin et al. v. Edmonson et al., 5 Gilm. 270, and Randall v. Songer, 16 Ill. 27. The first of these cases

falls within the rule above stated as applicable in attachment proceedings. The second was a bill in chancery to foreclose a mortgage. It was held that it was not enough for the decree to recite that the defendants had been served, but that the summons or advertisement should appear in the record.

This decision was far-reaching in its consequences and calculated to do an immense amount of mischief if allowed to stand unmodified. The summons or notice of publication might easily be lost, or mislaid, or abstracted from the files; and if the findings of the decree, which are the only safe and permanent repository of the jurisdictional facts, could not be taken as showing jurisdiction, the rights of a complainant under a decree *pro confesso* would be as unstable as the sands of the seashore. Accordingly the law as laid down in these two cases was modified soon afterward in Reddick et al. v. State Bank of Illinois, 27 Ill. 145, in which the court said :

" Upon the first error assigned, this court has decided that a complainant is not entitled to a decree *pro confesso* until the defendant has been served with process, or has been regularly notified of the pendency of the suit, and that it is not enough for a decree to recite that the defendant has been duly served with process, or that he has been regularly notified of the pendency of the suit, but the summons or advertisement should appear in the record, so that this court may determine whether the statute has been complied with. This is the ruling in the case of Randall v. Songer, 16 Ill. 27, and in the previous case of Varian v. Edmonson, 5 Gilm. 272, which we think, on mature consideration, requires some modification, in view of the vast interests to be affected by it. It does not seem reasonable to require a party who has purchased land under the judgment of a court of competent jurisdiction, *bona fide*, and with no notice of any such defects as the absence of a summons or a notice, to be put in jeopardy of his title, or be required to take the risk of the loss or abstraction of a loose paper from the files, when the decree, or judgment of the court, recites the fact

that process was duly served, or the required notice duly given. These are facts lying at the very threshold of the case, and on which the court is required to be informed and to pronounce, just as much as upon any other fact which may be developed, and no reason can be perceived why the rights of parties, depending upon those facts, should not be as secure as upon any other adjudicated facts in the cause, especially after the lapse of many years. It is to be presumed that no court would state of record the existence of facts which had no existence, or pass a decree, or render a judgment, unless proof of service or notice was actually produced. The record therefore stating such fact, and nothing to the contrary appearing, it should be received as evidence of their existence. We think the rule which has obtained should be thus modified, and this disposes of the first error assigned."

The publication of notice is no more indispensable than the filing of an affidavit of non-residence, which is the first step in the process of bringing a defendant into court by publication, and it has been held that where the record contains no affidavit, the finding of the decree that an affidavit as required by law was made and filed, would uphold the jurisdiction of the court, even in a direct proceeding to reverse the decree. Millett et al. v. Pease et al., 31 Ill. 377; Tompkins et al. v. Wiltberger, 56 Id. 385; Connely et al. v. Rue et al., 148 Id. 207.

The certificate of the publisher is not the only method of proving the publication. The court has a right to hear other competent evidence on the question, and the recitals of the decree, showing that a publication was duly made, when not contradicted by the publisher's certificate, should be taken as sufficient to sustain the jurisdiction of the court in a direct as well as in a collateral proceeding.

We are of the opinion that the court had jurisdiction of the person in this case and properly rendered a decree *pro confesso* against appellants.

The objection made to the allowance of a solicitor's fee of $1,000, may be disposed of without a lengthy discussion.

The amount of the mortgage debt, as found by the decree, was more than $42,000, and the uncontradicted evidence shows that the solicitor's fee allowed was reasonable.

The provisions of the mortgage relative to the solicitor's fee were set forth in the bill, and the prayer was substantially the same as in Dates v. Winstanley, 53 Ill. App. 623, recently decided by this court. We are satisfied with that decision, which is a sufficient answer to the claim that the allegations and prayer of the bill in the case now before us do not authorize a decree for the solicitor's fee. This position is strongly fortified by the Cheltenham Improvement Company v. Whitehead, 128 Ill. 279.

The provisions of the mortgage under consideration render the mortgagors liable for " whatever moneys the said creditors may necessarily and reasonably pay or become liable for, on account of the services of any attorney, solicitor or counsel" in a suit to foreclose the mortgage. The liability hereby created is in the alternative. It is not necessary for the record to show that no fees were paid or agreed upon before the decree was rendered in order to justify action under the clause, " or become liable to pay." In the absence of facts in the record showing an actual payment of less than $1,000, or an agreement to pay less than that amount in satisfaction of solicitor's fees, the allowance of a reasonable fee under the second alternative can not be regarded as unwarranted.

There is no error in the record and the decree is affirmed.