Dates v. Winstanley.

---

Margaret A. Dates et al. v. Elizabeth Winstanley et al.

1. SOLICITOR'S FEES—*In Foreclosure Proceedings.*—Where a mortgage authorized the allowance of a reasonable attorney's fee for foreclosing the same, and the bill prays that an account may be taken by the master of the amount due, a statement of the amount will include the solicitor's fee provided for in the mortgage.

2. SAME—*When Reversible on Error.*—Where no exceptions are taken to the master's report neither the competency nor sufficiency of the evidence as to the attorney's fees can be raised on error or appeal.

3. MASTER IN CHANCERY—*Exceptions Must be Taken to Report.*—The rule that exceptions must be taken to the master's report in order to attack a decree based thereon seems to apply to default cases.

4. SALES EN MASSE—*Master's Report—Exceptions.*—Where the master's report shows that the premises were in different tracts or parcels

and sold *en masse,* no objections being made in the court below to it, and no evidence whatever in the record to show any fraud was practiced, or that the parties, or either of them, were injured, or that the property was susceptible of division, the question can not be raised for the first time in the Appellate Court.

5. Same—*Statute Applies to Sales on Execution.*—Section 12, Ch. 77, R. S., which provides that when real or personal property is taken in execution, if the same is susceptible of division, it must be sold in separate tracts, lots or articles, applies solely to sales under executions, and not to sales under decrees of foreclosure.

6. Sales in Chancery—*Duty of Officer.*—It is the duty of the officer making sales under decrees to sell the property so that it will bring the most money, and no more property is to be sold than is necessary to satisfy the debt and costs.

7. Same—*En Masse—When Not Set Aside.*—The law is, as to a master's sale, under a decree of foreclosure, where the proper performance of duty is tested by the rules of the common law, that, in the absence of fraud or injury, or violation of the conditions of sale imposed by the decree, a sale *en masse* will not be set aside.

8. Order of Court—*What is Not.*—Where, immediately following the report of a sale by the master, and apparently indorsed thereon, are these words : "Which report is approved by the court and ordered filed," nothing else being in the record in relation to such sale, it is not an order of court, but merely a memorandum.

9. Decree—*Alternative Not Personal.*—A decree which provides that the defendants pay the debt within thirty days, or, on failure so to do, the land be sold, there being no provision for a personal liability created against them in case there is a deficiency, does not create a personal liability.

10. Decrees of Foreclosure—*Inverse Order of Alienation.*—In order to obtain the benefit of the rule requiring a sale to be made in the inverse order of alienation as applicable to the foreclosure of a mortgage on real estate, which, subsequent to the execution of the mortgage, has been sold in separate tracts to different purchasers at different times, such purchasers must be made defendants, and must show (1) the mortgagee actually knew what the order of alienation was, (2) and that such purchaser requested the mortgagee to sell in that order, or that with such actual knowledge, his duty was to sell the property.

11. Same—*Rule of Sale—Inverse Order of Alienation—Application.*— This rule is never applied to the injury of an innocent mortgagee. Before he can be required to shape his action in reference to the subsequent order of alienation, he must have actual notice of what that order was, and not merely the constructive notice derived from the registry of deeds made by the mortgagee subsequent to the mortgage. He is under no obligation to search the record.

12. Right to Sell in the Inverse Order of Alienation—*Subsequent Purchaser—Actual Notice.*—The law makes it the duty of a subse-

Dates v. Winstanley.

quent purchaser of mortgaged property to give actual notice of his interest to the prior mortgagee, if he intends to insist that the property shall be sold in the inverse order of alienation. He will not be permitted to remain silent until the sale has been made, and then invoke the aid of a court of equity to undo what he might have prevented by giving timely notice of his interest in the premises.

13. SAME—*Must be Asserted by a Cross-bill.*—The right to have the property sold in the inverse order of alienation, must be asserted by a cross-bill.

**Memorandum.**—Bill to foreclose trust deed. Decree *pro confesso* on default. Error to the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the February term, 1894, and affirmed. Opinion filed June 23, 1894.

BRIEF OF PLAINTIFFS IN ERROR, VAN HOOREBEKE & FORD, ATTORNEYS.

The default admits only what is alleged in the bill and no more. Cronan v. Frizell, Admr., 42 Ill. 319; De Leuw et al. v. Neely, 71 Ill. 473; Augustine et al. v. Doud, 1 Brad. 588.

A decree can not even be for interest where it is not claimed in the bill. Mills v. Heeney et al., 35 Ill. 173.

The decree must conform to the prayer of the bill; no matter how clear the evidence may make a case, unless the bill has proper averments, the complainant can not have a decree. Rowan v. Bowles et al., 21 Ill. 17; Kellogg v. Moore, 97 Ill. 282; Johnson et al. v. Foreman &' Sellers, 16 Brad. 632.

BRIEF OF DEFENDANTS IN ERROR, B. H. CANBY, ATTORNEY.

The decree finds the amount due on the notes and orders, payment by the defendants within thirty days, and in default thereof that the mortgaged premises be sold to satisfy the same. Such a decree is alternative, and not personal. Gochenour v. Mowry, 33 Ill. 331; Glover et al. v. Benjamin, 73 Ill. 42; Sprague v. Beamer, 45 Ill. App. 20.

Where a mortgage is made an exhibit to a bill to foreclose, the court will give it the legal effect to which it is entitled. Benneson v. Savage, 130 Ill. 352; N. Bank v. Halle, 30 Ill. App. 17.

The mortgage being a part of the bill, it was unnecessary to aver, in the bill, that complainant was, by the terms of the mortgage, entitled to recover a solicitor's fee; that fact is sufficiently shown by the mortgage itself, which is a part of the bill. The decree may properly include a solicitor's fee where the mortgage so provides. Telford v. Garrels, 132 Ill. 555.

Under a general prayer for relief, the court may grant relief appropriate to the facts. Isaacs v. Steele, 3 Scam. 97; Millan v. James, 105 Ill. 194; Hubbard v. U. S. Mortgage Co., 14 Bradw. 40; Hayworth v. Taylor, 108 Ill. 275; Holden v. Holden, 24 Ill. App. 106; Vansant v. Allmon, 23 Ill. 26.

Where it is alleged in a bill to foreclose a mortgage that the mortgagee has paid taxes assessed on the mortgaged property, it is competent, under a prayer for general relief, for the court to decree relief as to such taxes. De Leuw v. Neely, 71 Ill. 473.

In a chancery case, it will be presumed that the finding of the facts by the court, recited in the decree, were warranted, unless the testimony found in the record shows to the contrary. Groenendyke v. Coffeen, 109 Ill. 326.

And where the hearing is on bill *pro confesso*, exhibits and proofs, the presumption is the court heard all the evidence necessary to sustain the decree. Moore v. Litman, 33 Ill. 357; Starne v. Farr, 17 App. 497.

Where the defendants are all adults, the chancellor may render a decree *pro confesso*, without evidence. Cronan v. Frizell, 42 Ill. 320.

MR. PRESIDING JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The defendant in error filed her bill to foreclose a trust deed given on real estate to secure notes in the aggregate of $12,000, executed by Margaret A. Dates. The bill alleged that certain other parties claimed some interest in the premises, which were subject to the mortgage, and they as well as the mortgagor were made defendants. It was also

averred that defendant in error was the assignee of the notes. None of the defendants answering the bill it was taken as confessed, and as recited in the decree, the cause was referred to the master to state the amount and report the amount found to be due. He reported the amount of the principal and interest due on the notes as $12,814, and further stated: "The master further reports that from the evidence of J. M. Hamill, J. M. Hay and M. W. Weier hereto attached, * * * a reasonable fee for complainant's solicitor is six hundred dollars." The plaintiffs in error contend this allowance was unauthorized, because, as claimed, there was no averment in the bill in regard thereto. The bill does make the mortgage a part thereof, by exhibit and reference. The mortgage authorizes the allowance of a reasonable attorney's fee for foreclosing the same, and the bill prays that an account may be taken, and "that the defendant, Margaret A. Dates, may be decreed to pay your oratrix whatever sum shall appear to be due her upon the taking of such account." A statement of the account would include the solicitor's fee provided for in the mortgage. Telford v. Garrels et al., 132 Ill. 555; Benneson v. Savage, 130 Ill. 361.

No exceptions were taken to the master's report, and therefore neither the competency nor sufficiency of the evidence as to attorney's fees can be raised here. Cheltenham Improvement Co. v. Whitehead, 128 Ill. 284.

This was a default case like the one under consideration. This rule, that exceptions must be taken to the master's report in order to attack a decree based thereon, seems to apply to default cases. Buckman v. Aulgar, 12 Ill. 277; Hurd v. Goodrich, 59 Ill. 450; Pennell v. Lamar Ins. Co., 73 Ill. 303.

The other errors assigned relate to the decree and the sale of the property thereunder. It is urged that the decree did not authorize the sale of the land before the expiration of fifty days, as that period of time was given the defendants below within which to pay the debt. The decree incorporated in the record, as first filed in this court, gave the defend-

ants fifty days to pay the debt, but a corrected record, filed herein, amply supported by proof, shows that only thirty days were given, and that the "fifty days" inserted in the original record was a clerical error. The minutes of the court, as well as the original decree, show that only "thirty days" were given. The sale was not made until after the expiration of that time. It is also urged that the description of the property sold shows that it was in different tracts or parcels, which as shown by the report of sale was sold *en masse*, which report it is said was approved by the court. No objections were filed or made in the court below to said report, and there is no evidence whatever in this record to show any fraud was practiced, or that the plaintiffs in error or either of them were injured, or that the property was susceptible of division. How can plaintiffs in error raise this question first in this court, without having made objections to the court below, supported by proof?

Sec. 12, Chap. 77 of Statutes, provides that "when real or personal property is taken in execution, if the same is susceptible of division, it shall be sold in separate tracts, lots or articles, and only so much shall be sold as is necessary to satisfy the execution and costs." This statute applies solely to sales under and by virtue of executions. There is no such statute with reference to sales under a decree of foreclosure. The duty, however, of the officer making such sale, is to sell the property to the best advantage, so that it will bring the most money, and that no more property may be sold than is necessary to satisfy the debt and costs. He is not required, however, to subdivide a quarter section into eighties or forties, and offer such smaller tracts first, for sale, where the mortgage foreclosed is on the larger tract. Davis v. Dresback, 81 Ill. 396; Patton v. Smith, 113 Ill. 499.

It is difficult to determine from the description of the land sold under this decree, how it does lay. It is all in subdivision 1 of Cahokia Commons, as laid out on United States Survey No. 777, but there seem to be two tracts, one containing seven acres and the other sixty-five acres, and therefore, under the authorities cited, it is believed the tracts

should have been offered separately, although this court can not, in the absence of proof, definitely know. As is said in the case of Ridenour v. Shideler, 5 Ill. App. 186, with reference to a sale under execution of real property, " It must appear that the property sold was susceptible of division. The numbers of the lots being consecutive, we may fairly presume they lie adjacent to each other and constitute one body of land. Their size, situation and condition are not shown. The only evidence of the divisibility of the property grows out of the fact that on the plat it is subdivided into two lots. It may, nevertheless, so far as appears, be incapable of division for purposes of sale." In the absence of proof this court can not know that the property sold was capable of division for the purposes of sale, and for this reason the query was suggested above, whether, without objection to the report of sale, supported by proof, the question could first be raised in this court. The presumption of law, in the absence of proof to the contrary, would be that the master had performed his duty according to law. However imperative may be the section of the statute above quoted with reference to sales under executions, the law is, as to a master's sale, under a decree of foreclosure, where the proper performance of duty is tested by the rules of the common law, that in the absence of proof of fraud or injury, or a violation of the conditions of sale imposed by the decree, a sale *en masse* will not be set aside. This was held to be the law with reference to sales on executions as early as the case of Greenup v. Stokes, 12 Ill. 34, which has been repeatedly followed down to Fairman v. Peck et al., 87 Ill. 157, wherein such authorities were cited to support a sale *en masse* under a decree of foreclosure. There is, however, another view, not discussed by counsel on either side, presented by the condition of this record, which precludes, it is thought, the plaintiffs in error from raising here an objection to the mode or manner of sale. There is no court order in this record approving such sale.

Immediately following the report of sale by the master and apparently indorsed thereon, are these words : " Which

report is approved by the court and ordered filed." There is nothing else in the record in relation to such sale. This is not a court order. It is merely a memorandum. There is nothing to indicate by whom or by what authority even that was made. It is also urged that the decree was erroneous in requiring defendant below, whose interests were subject to the mortgage, to pay the debt. The decree is in the alternative that the defendants pay the debt within thirty days, or on failure so to do, the land is ordered sold. There is no provision for a deficiency, or personal liability created against such defendants in case there is a deficiency. Such an alternative decree does not create a personal liability. So held in Gochenour v. Mowry, 33 Ill. 331, and Glover v. Benjamin, 73 Ill. 42. It is also urged that the decree was erroneous in not finding the interest of the different purchasers, and then requiring a sale to be made in the inverse order of alienation as to such grantees. The decree in this case was entered *pro confesso*. There is no question in this case of a release of any portion of the property covered by the mortgage, as in the leading case of Iglehart et al. v. Crane et al., 42 Ill. 261. Nor is there here any evidence, as there was in that case, of actual notice of the mortgagee of the order of alienation. In order to invoke the aid and obtain the benefit of this rule as applicable to the foreclosure of a mortgage on real estate, which, subsequent to the execution of the mortgage, has been sold in separate tracts to different purchasers, at different times, such purchasers, made defendants, must show (1) the mortgagee actually knew what the order of alienation was, (2) and that such purchasers requested the mortgagee to sell in that order, or that with such actual knowledge his duty was to so sell the property. As is said in the case of Matteson v. Thomas et al., 41 Ill. 113, " This rule is never applied to the injury of an innocent mortgagee. Before he can be required to shape his action in reference to the subsequent order of alienation, he must have actual notice of what that order was, and not merely the constructive notice derived from the registry of deeds, made by the

mortgagee subsequent to the mortgage. * * * He is under no obligation to search the records. * * * Matteson should have informed him of the facts and have requested him thus to sell." Iglehart et al. v. Crane et al., 42 Ill. 261; Rose v. Swann et al., 56 Ill. 41. The law makes it the duty of a subsequent purchaser of mortgaged property to give actual notice of his interest to the prior mortgagee, if he intends to insist the property shall be sold in the inverse order of alienation. He will not be permitted to remain silent until the sale has been made, and then invoke the aid of a court of equity to undo what he might have prevented by giving timely notice of his interest in the premises. That is precisely the case here. Hosmer v. Campbell et al., 98 Ill. 579. The doctrine of sale in the inverse order of alienation has no application where the property is sold subject to the mortgage. Briscoe et al. v. Power, 47 Ill. 447; Moore v. Shurtleff et al., 128 Ill. 370. In the absence of proof of actual notice to the mortgagee of the order of alienation, this error is not well assigned. It can not be here considered for another reason. The right here claimed of the plaintiffs in error, to have the property sold in the inverse order of alienation, should have been asserted by cross-bill.

As said in the Iglehart case, 42 Ill. 271, *supra*, "If complainants had executed no releases, and the appellants had sought merely to procure a decree directing the lots last conveyed to be first sold, it would doubtless have been necessary to file a cross-bill, making their co-defendants parties, as they would have been asking a decree to the prejudice of their co-defendants." Boone et al. v. Clark et al., 129 Ill. 483.

The error assigned that a decree *pro confesso* was entered with an answer of one of the defendants on file, has been heretofore disposed of on motion to strike such answer from the record. The certificate of the clerk to the record, which incorporated such answer, states that the same was not filed, and not entered on the motion docket. It is not marked filed by the clerk. The affidavits of the clerk of court and

his deputy, who alone had charge of the office, assert un-equivocally that such answer was not presented to either of them to be filed. These facts, taken in connection with the further fact that the attention of the court below was not called to the filing of such an answer, which admits the allegations of the bill, but sets up merely that such defendant at a certain date, purchased an undivided three-twentieth interest in the property, constrained this court to strike the same from the record and permit the recitals of the decree to speak the truth, that no answer was filed. The decree is affirmed.