## Thomas P. Burke et al. v. Thomas E. Tutt.

1. JURISDICTION—*Entry of an Unlimited Appearance.*—Where the defendants, by a motion made by them, enter their unlimited appearance in a judicial proceeding, the court will acquire jurisdiction of their persons for all purposes of the suit.

2. SOLICITOR'S FEES—*In Foreclosure Suits.*—Where a mortgage contains a provision for the recovery of solicitor's fees in case of a foreclosure, it is proper, under suitable pleading, to include such fees in the decree.

3. SAME—*Exceptions to the Master's Report.*—Where no exceptions are taken to the master's report on the allowance of solicitor's fees, the question can not be raised on appeal.

Mortgage Foreclosure.—Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the February term, 1895. Affirmed. Opinion filed July 1, 1895.

SPENCER, VAŇ HOOREBEKE & FORD, attorneys for appellants.

JOHN H. OVERALL, and WM. P. LAUNTZ, attorneys for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

This suit was commenced by Thomas E. Tutt against Thomas P. Burke for the foreclosure of a mortgage, returnable April term, A. D. 1894. On April 16, 1894, complainant took a decree by default, and on June 11, 1894, the court set aside the default, and leave was granted complainant to amend his bill and make new parties. Complainant thereupon filed an amended bill, making Thomas P. Burke,

Joseph T. Donovan, Moses Greenwood, Jr., and Charles Obermeyer, defendants. Summons was issued, returned, affidavit made of non-residence, and publication made as required by law. The decree recites in detail the publication that was made, and that part concludes "and it appearing to the court that all the steps required by law to notify said defendants have been taken." The record contains the publication and certificate of the clerk of mailing, within the time and as prescribed by law. In addition to such proof, the record shows the defendants, by a motion made by them, entered their unlimited appearance. The record shows the court had jurisdiction of the person of the defendants, which disposes of the first error assigned.

The second error relates to the allowance of a solicitor's fee.

The mortgage foreclosed provided for a fee as follows: "And the said mortgagor further agrees and consents that in any suit to foreclose this mortgage, the court may, on motion of the plaintiff * * * allow the said creditor, not only all sums advanced for taxes, etc., but also in addition to the taxable costs and disbursements, whatever moneys the said creditor may necessarily and reasonably pay or become liable for on account of the services of any attorney, solicitor or counsel in such suit, the said mortgagor giving a lien upon the said premises for the same."

The bill recites said provisions and declares there is due for solicitor's fees —— dollars.

The bill asked "that an account may be taken by or under the direction of this court, and that the said defendant, Thomas P. Burke, may be decreed to pay your orator whatever sums shall appear to be due him upon the taking of such account."

The cause was referred to the master to take evidence and state the account, who reported the evidence, with the statement, to the court, which, by the decree entered, found the amount due for principal, interest, etc., and for solicitor's fees.

No exceptions were taken to the report of the master.

It is considered this case falls within the principle announced in Cheltenham Improvement Co. v. Whitehead, 128 Ill. 279, and Dates v. Winstanley, 53 Ill. App. 623.

The mortgage is expressly made a part of the bill, and it will be observed the mortgage provides that the mortgagor agrees and consents that, in any suit to foreclose the mortgage, the court may, on motion, allow such solicitor's fees.

The decree is affirmed.