## Edward Roby et al. v. Chicago Title and Trust Co. et al.

94   379
r194s 228

1.   CHANCERY PRACTICE—*When a Defendant Can Not Question the Competency of the Evidence to Support the Decree.*—When a decree has been entered against a defendant upon a master's report- to which no exception has been taken, such defendant can not question the sufficiency or competency of the evidence to support such decree.

2.   SAME—*When a Defendant is Precluded from Questioning a Decree.*—When a decree *pro confesso* is entered against a defendant for want of an answer to a bill, he is precluded from questioning the decree or the sufficiency of the evidence to support it, if the decree is within the allegations of the bill.

**Foreclosure.**—Error to the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed April 8, 1901.

**Statement by the Court.**—Defendants in error filed their bill in the Superior Court against plaintiffs in error to foreclose a trust deed made by plaintiffs in error to defendant in error the Chicago Title & Trust Company, as trustee, to secure the note of plaintiff in error Edward Roby, dated May 29, 1896, for the sum of $7,500, payable to said Trust Company as trustee, three years after its date, with interest at seven per cent per annum, payable semi-annually, the interest being evidenced by six promissory notes of said Edward Roby, payable to said trust company, of the same date as the principal note, each for the sum of $262.50, and becoming due respectively, six, twelve, eighteen, twenty-four, thirty and thirty-six months after date, and bearing interest at seven per cent per annum from maturity, and conveying certain real estate in Cook county, therein described.

By said trust deed it is provided, among other things:

"That in case a right of foreclosure or other right of procedure shall arise hereunder, either upon the maturity of said principal note, or by breach of any of the covenants herein, said trustee shall, upon request of the legal holder of said principal note, bring such legal or equitable proceedings for the collection of the moneys hereby secured, as may be necessary; that all expenses and disbursements paid or incurred in behalf of said trustee, in connection with the foreclosure hereof, including reasonable solicitor's fees, outlays for documentary evidence, stenographer's charges, cost of procuring or completing abstract, showing the whole title to said premises, embracing foreclosure decree, shall be paid by the grantor; and the like expenses and disbursements, occasioned by any suit or proceeding wherein the grantee or any holders of any part of such indebtedness, as such, may be a party, shall also be paid by the grantor. All such expenses and disbursements shall be an additional lien upon said premises, shall be taxed as costs, and included in any decree that may be rendered in said foreclosure proceedings."

The bill alleges, among other things, the foregoing pro-

visions of the trust deed, a default in the payment of all said notes, that a request had been made of the Trust Company to institute the suit, and that there was due the amount of each of said notes, together with interest, and, among other things, prays an accounting and decree for the amount due to the complainants, defendants in error, including the expenses of suit and reasonable solicitor's fees, and in case of default in payment, for a sale of the premises described in the trust deed.

The defendants, plaintiffs in error, were served with process, and not having answered, the bill was taken as confessed by both of them, and the cause referred to a master in chancery, to take the proofs and report the same to the court, with his opinion upon the law and the evidence. The master took evidence, both oral and documentary, and reported the same, together with his conclusions, to the court, in which report he found that there was due to the complainant, the said Trust Company, on said principal and interest notes, together with interest thereon from the respective dates of their maturity, the sum of $9,680.31, and, in addition thereto, a solicitor's fee of $484.01, being five per cent of the total amount due on the said notes, and stated in his report that his fees for report and depositions were $20.

No objections or exceptions were taken to the master's report, and the same was accordingly approved and confirmed by the decree of the chancellor, and the master's fees on the reference were thereby taxed at $20, and a sale of the premises conveyed by the trust deed directed, in default of payment within five days of the amount found due by the master, including said solicitor's fees, the costs of the suit and said master's fees.

Pursuant to the decree and in default of the payments therein provided, the master sold said premises for $7,500 to the complainant, the Trust Company, and after paying the costs of suit, master's fees allowed by the decree, and master's fees, commissions and disbursements for advertising, making the sale and report thereof to the court, and

said solicitor's fees, and a credit of $6,850.35 on account of the amount due on the decree, there remained a deficiency of $2,871.63, which he reported to the court. Included in the master's disbursements are two items, one $2.50 for approving decree, and another, seventy-five cents, for real estate board fee. The decree directs that the master make the sale "at the judical salesrooms of the Chicago Real Estate Board, No. 57 Dearborn street, in Chicago, Cook County, Illinois," and it appears from the master's report that he made the sale at that place.

The master's report of sale and proceedings were approved and confirmed by the court March 29, 1900, the court finding that the "master has in every respect proceeded in due form of law and in accordance with the terms of said decree, and that said sale was fairly and properly made," and that there was a deficiency due on said decree of $2,871.63, which amount the court decreed to stand as a judgment against the defendant Edward Roby, and that the complainant the Trust Company have execution therefor.

Execution on said deficiency judgment was issued and thereafter, on June 28, 1900, levy was made by the plaintiff on the title of said Roby of certain lots in South Chicago, Cook county, Illinois, which were sold by said sheriff for $225, and after deducting his fees and costs, he paid to the plaintiff's attorney the sum of $211.03, which was credited on the execution, which was returned unsatisfied as to the balance. To reverse said decree of sale and all the proceeding thereunder the writ of error herein is prosecuted.

JAMES E. MUNROE, attorney for plaintiffs in error.

WILLIAM C. SNOW and CHARLES HUGH STEVENSON, attorneys for defendants in error.

MR. JUSTICE WINDES delivered the opinion of the court.

For plaintiffs in error it is argued in substance that there was error in allowing said solicitor's fees, $20 for master's report, $2.50 for approving decree and seventy-five cents for real estate board fee, and that because of the alleged

erroneous allowance for solicitor's fees and fee for master's report, the decree of sale should be wholly reversed.

As is shown by the statement preceding this opinion, no objections or exceptions were made to the master's report pursuant to the order of reference directing him to take proofs and report the same to the court, with his opinion upon the law and the evidence. It has been repeatedly held by the Supreme Court, as well as by this court, that a defendant can not, when a decree has been entered against him upon a master's report, to which he has taken no exception, question the competency or sufficiency of the evidence to support the decree. Pennell v. Lamar Ins. Co., 73 Ill. 303; Brockman v. Aulger, 12 Ill. 277-9; Cheltenham I. Co. v. Whitehead, 128 Ill. 284; Hurd v. Goodrich, 59 Ill. 450-5; Dates v. Winstanley, 53 Ill. App. 623; Burke v. Donnovan, 60 Ill. App. 241-7; Lebkuechner v. Moore, 88 Ill. App. 16; Kinsella v. Cahn, 185 Ill. 208.

If, however, plaintiffs in error were in a position, by reason of having excepted to the master's report, to question the solicitor's fee, they could not do so because, as we have seen from the statement, a decree *pro confesso* was entered against them for want of answer to the bill, by which they are precluded from questioning the sufficiency of the evidence to support the decree as well as the decree itself, if the latter is within the allegations of the bill. Hurd's Rev. Stat., Ch. 22, Sec. 18; Manchester v. McKee, 4 Gilman, 511-17; Glos v. Swigart, 156 Ill. 229; Avery v. Maude, 112 Calif. 565; Monarch B. Co. v. Wolford, 179 Ill. 255.

The bill alleges, as is shown by the statement, facts sufficient to justify a foreclosure of the trust deed, sets up the provisions of the trust deed authorizing legal or equitable proceedings for the collection of the amount of money secured thereby, and that all expenses and disbursements paid or incurred in behalf of complainants in connection with its foreclosure, including reasonable solicitor's fees, should be paid by the grantor, and prays a decree for reasonable solicitor's fees. We regard these allegations as sufficient to justify the provisions of the decree allowing reasonable solicitor's fees.

Plaintiffs in error being precluded from questioning the proofs, both because they took no exceptions to the master's report, and by reason of the decree *pro confesso*, and the allegations of the bill being sufficient to justify the allowance of solicitor's fees, there was no error in making the allowance.

The claim made, that $20 for master's report was erroneous, is not tenable. The statute, chapter 53, section 20 (Hurd), has the following provisions with regard to what fees should be allowed masters in chancery, to wit:

"For computing the amount due on which to render a decree, and making a report thereof to the court, where no oral evidence is taken, two dollars.

"In counties of the third class masters in chancery may receive for examining questions in issue referred to them, and reporting conclusions thereon, such compensation as the court may deem just, and for services not enumerated above in this section, and which have been and may be imposed by statute or special order, they may receive such fee as the court may allow."

As we have seen from the statement, the master took oral evidence, both the defendants were in default, there was a special order of the court directing him to take proof and report his conclusions, and the court fixed his fee for the report at $20. We think it was reasonable and proper allowance under the statute.

The items of $2.50 for approving decree and seventy-five cents for real estate board fee, though possibly not strictly allowable as costs, are too small to merit consideration by a court of review. But it may be said, as appears from the statement, both these items were approved by the chancellor and the master was specially directed by the decree to make the sale at the judicial salesrooms of the Chicago Real Estate Board. This was no doubt done in the interest of plaintiffs in error, in order to secure the largest possible publicity of the sale, and we think this small fee an entirely reasonable expense for the master to incur. As to the fee for approving decree, the allowance is not unreasonable for that service. It is common practice in the courts of chancery in Cook county for the master to render this service,

and while there does not appear to have been a special order of the court directing the master to approve the decree, the court's subsequent approval of the master's charge therefor, considered in connection with the practice referred to, may be said to bring it within the meaning and intendment of the statute.

Defendants in error have asked statutory damages, upon the claim that the appeal has been taken for delay, but we think this is not a case for damages.

The decree of the Superior Court is therefore affirmed.