# John E. Murphy et al. v. Cicero Lumber Company.

1. MECHANICS' LIENS.—*What is Not to be Considered as a Contract in Writing under the Law.*—An estimate in writing by a carpenter of the cost of a building and the acceptance of the same by the owner of the premises upon which it is to be erected can not be treated as a contract in writing within the meaning of the law giving a lien to a person furnishing lumber for the erection of the building, for extrinsic evidence would be necessary to establish a valid contract between the owner and the carpenter.

2. CONTRACTS—*What is a Written Contract.*—A written contract is one in which all its terms are in writing. A contract can not be said to be in writing unless the parties thereto, as well as the terms and provisions thereof can be ascertained from the instrument.

Murphy v. Cicero Lumber Co.

3.  SAME—*What is to be Considered as an Oral Contract.*—A contract partly in writing and partly oral is, in legal effect, an oral contract.

**Petition for a Mechanic's Lien.**—Error to the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.  Heard in this court at the March term, 1901.  Affirmed.  Opinion filed October 24, 1901.

**Statement.**—Defendant in error filed its petition for a mechanic's lien upon premises of plaintiff in error John E. Murphy.  Plaintiff in error Murphy, the owner of the premises, contracted with one Kruschinsky for the carpenter work upon a building which he was about to construct.  The contract was in writing and provides for the completion of the work within three and one-half months from the date of the contract, weather permitting, and for payment of $200 by plaintiff in error Murphy to Kruschinsky when the roof should be on and finished, and the balance of $2,630 when the building should be completed, all work done and all lumber and mill bills paid.  This contract was dated December 17, 1898.  Kruschinsky obtained the lumber for his work in part from defendant in error.  Defendant in error made an estimate in writing of amounts of lumber and prices, upon the margin of which estimate is written "Accepted 12–23–'98, amt. $1,455.  C. A. Kruschinsky."  This estimate was nowhere signed by defendant in error.  There is some conflict in the evidence as to the oral agreement between Kruschinsky and defendant in error concerning the time of payment by Kruschinsky for the lumber included in this estimate.  There was evidence tending to support the contention of plaintiff in error Murphy that defendant in error was to be paid only when the roof was on and finished, as provided in contract between plaintiff in error Murphy and Kruschinsky; and there was evidence tending to support the contention of defendant in error that it was agreed between its representative and Kruschinsky that payments were to be made from time to time as the work progressed, and the entire amount to be paid when the roof was on.  Aronson, the salesman of de-

fendant in error, who made the agreement with Kruschinsky, testified : " He (Kruschinsky) said we could have the payments as we went along, and by the time we had the building under roof we could have all that was coming to us at that time." The testimony of Kruschinsky is somewhat conflicting and uncertain; it fails to either fully corroborate or contradict Aronson.

Defendant in error did not deliver all the lumber included in the estimate. The lumber delivered amounted to $694.06. No payments whatever were made to defendant in error as the lumber was delivered or at any other time. After January 22, 1899, defendant in error stopped delivering lumber. Kruschinsky testified that plaintiff in error Murphy stopped him from having any more lumber delivered by defendant in error. Aronson testified that Kruschinsky told him that he (Kruschinsky) had orders not to buy any more lumber. Gilpin, secretary of defendant in error, testified that plaintiff in error Murphy, on about January 22, 1899, told him not to deliver any more lumber. Kruschinsky did not continue work on his contract after March 8, 1899, which was about two weeks after the roof was on.

No amount was paid to Kruschinsky by plaintiff in error Murphy on account of his contract, except $105, up to the time of the serving of lien notices upon plaintiffs in error by defendant in error. Two lien notices were served, one on January 31, 1899, dated January 28, 1899, and another on February 28, 1899, dated February 25, 1899. Each notice specified the amount due as $694.06. The petition for a mechanic's lien filed by defendant in error alleges that at the time of the service of the lien notice on February 28, 1899, there was due from plaintiff in error Murphy to Kruschinsky more than the amount of defendant in error's claim.

Plaintiff in error Murphy testified that he did not order the defendant in error to stop delivering lumber; that Kruschinsky told him that defendant in error refused to carry out its contract to deliver the balance of the lumber; that by reason of such refusal Kruschinsky bought the bal-

ance of the lumber needed from the South Side Lumber Company; that such refusal by defendant in error delayed work upon the building for five or six days; that by reason of such delay plaintiff in error Murphy suffered a loss; that items of loss specified by witness aggregated $360; that he owed nothing to Kruschinsky on February 1, 1899, and on March 1, 1899, when Gilpin called upon him and made a demand for payments, and that he owed nothing at the time he testified. The answer of plaintiffs in error to the petition for a lien averred that there was nothing due Kruschinsky under his contract with plaintiff in error Murphy when notice was served, or at any time thereafter, to and including the commencement of said suit; that plaintiff in error Murphy did pay out and become responsible to said Kruschinsky and sub-contractors on account of the contract to the extent of $1,200; that he is unable to state what amount, if any, will be due on said contract to plaintiff in error Murphy or to Kruschinsky or his sub-contractors until the building is fully completed, etc. The only evidence as to the completion of the building was the testimony of Kruschinsky to the effect that it was completed and rented at the time he testified.

Nothing in the answer of plaintiffs in error and nothing in the evidence indicates how much he had paid to Kruschinsky or to sub contractors under him, except the conclusion testified to by plaintiff in error that he owed him nothing, and the testimony of Kruschinsky that he had been paid only $105 out of the amounts due under the contract between plaintiff in error Murphy and Kruschinsky.

The cause was referred to a master in chancery, who took the evidence and reported that Kruschinsky called on defendant in error and obtained an estimate, by which estimate the defendant in error agreed to furnish lumber therein mentioned for $1,455, which was accepted by Kruschinsky; that by the terms of said agreement said lumber was to be delivered within one year from the date of said estimate, as from time to time the said Kruschinsky directed, and was to be paid for upon delivery; that as

soon as the roof was on, then payment for all material delivered up to that time should then become due and payable; that said lumber company furnished under said contract $455.81 worth of material, and extra material amounting to $238.25, making a total of $694.06 actually delivered and used. The master further finds that on February 28, 1899, a lien notice was served by defendant in error upon plaintiff in error Murphy, notifying him that there was due $694.06 on February 24, 1899, etc. The master further finds that at the time of services of the said notice, said plaintiff in error Murphy owed said Kruschinsky an amount greater than amount due defendant in error; that defendant in error complied with the lien laws, and is entitled to a lien for $694.06, with interest from February 24, 1899, and reasonable solicitor's fees; that the material allegations in said bill are sustained by the proofs.

The chancellor entered a decree in conformity with the report.

There appear in the record no objections filed before the master or considered by him, and no exceptions considered or disposed of by the chancellor, except as it is shown that on February 28, 1900, it was ordered by the court that " the objections filed to the master's report stand as exceptions to said report in said cause," and except as it appears by affidavit of T. S. Allee, Esq., that objections were filed before the master and overruled by him.

The final decree was entered on the 28th day of February, the same day of the order allowing objections to stand as exceptions, but the decree in no manner disposes of the exceptions by overruling or sustaining the same.

The affidavit of Mr. Allee sets up in effect that plaintiff in error's written objections to the master's report were filed before the master and by him overruled; that said written objections have become lost; that it was stipulated between counsel for the respective parties that the objections stand as exceptions to the report in the Superior Court; that it was so ordered by the Superior Court; and that attached written objections was an exact copy of the original.

This affidavit was filed in support of a motion in the court below, upon which the chancellor entered the following order:

"This cause coming on to be heard on motion of defendants, John E. Murphy and Francis B. Peabody, by Murphy & Allee, their solicitors, and it appearing that counsel for complainant was duly notified of this motion, and is present in court, and after hearing arguments of counsel and being fully advised in the premises, the court doth hereby order that the copy of exceptions presented to the court be filed herein instanter, to stand in lieu of the original exceptions which were filed in this court on February 28, 1900, and which have since become lost and can not be found."

The following is the stipulation alleged by the affidavit to have been entered into by the litigants through their counsel:

"It is hereby stipulated and agreed by and between the parties to the above entitled cause, that the objections heretofore filed by Murphy & Allee as solicitors for certain defendants, to the report of Sydney Stein, master in chancery of said Superior Court, in the above entitled cause, may stand as exceptions to said report in this court. Dated Chicago, February, A. D. 1900.

CICERO LUMBER COMPANY,
By Chester Firebaugh, Solicitor.
MURPHY & ALLEE,
Attorneys for certain defendants."

FRANCIS T. MURPHY and THADDEUS S. ALLEE, attorneys for plaintiffs in error.

CHESTER FIREBAUGH and GEORGE C. MASTIN, attorneys for defendant in error.

MR. JUSTICE SEARS delivered the opinion of the court.

The learned counsel for plaintiffs in error urge as grounds for a reversal of the decree:

First: That the contract between Kruschinsky and defendant in error was a written contract, and that therefore the lien notice here is insufficient, in that it did not contain a copy of this sub-contract. Second: That the

defendant in error was not entitled to any payment for its lumber until the roof of the building was completed, and that inasmuch as it refused to deliver more lumber before the roof was finished, it broke its contract and can not assert its lien. Third: That defendant in error is not entitled to a lien because no time was fixed in its contract with Kruschinsky within which the lumber was to be delivered and paid for. Fourth: That there is no evidence that any amount was due to Kruschinsky from plaintiff in error Murphy when the lien notice was served, or thereafter. Fifth: That the decree is erroneous, in that it allows interest on the amount found to have been due. Sixth: That there was error in allowing $100 as fees of the master in chancery who heard the evidence and reported the same with his conclusions to the court.

The contract between defendant in error and Kruschinsky can not be treated as a contract in writing. The estimate in writing and the acceptance of the same did not supply all the essential elements of a contract. No other contracting party is mentioned in the estimate save Kruschinsky, and he alone signed it. Extrinsic evidence would be necessary to establish a valid contract between defendant in error and Kruschinsky. Therefore it is to be treated as an oral contract. The R. P. & F. Conductors' B. Ass'n v. Loomis, 142 Ill. 560. In the decision of that case the Supreme Court said:

" A written contract is one which in all its terms is in writing. A contract partly in writing and partly oral is, in legal effect, an oral contract. * * * A contract can not be said to be in writing unless the parties thereto, as well as the terms and provisions thereof, can be ascertained from the instrument itself."

It can not, we think, be held that the limitation in the contract between Kruschinsky and plaintiff in error, viz., that no payment should be made until the roof was on the building, applied as well to the contract between Kruschinsky and defendant in error.

There was a conflict in the evidence as to whether any one representing defendant in error ever saw or knew of

this condition in plaintiff in error's contract, and the evidence is sufficient to sustain the finding of the master that by the agreement between Kruschinsky and defendant in error the latter was entitled to payment as the work progressed and the lumber was delivered.

The evidence does not sustain the finding of the master to the effect that it was agreed by Kruschinsky and defendant in error that the lumber contracted for was to be delivered within one year. There is no evidence as to any agreement whatever as to the time of delivery. But this deficiency in the evidence is made a ground of defense for the first time in this court. Plaintiff in error Murphy did not rely upon it before the master or in the Superior Court. If the copy of objections filed with the affidavit of Mr. Allee be treated as properly in the record and as having been presented to the master, still the difficulty remains that no one of these objections points out this deficiency in the proof. It is the settled rule in this State that objections to a master's report must point out the ground of objection specifically. There is no one of these objections which points out specifically or otherwise that the evidence is lacking in this respect.

The evidence is not definite as to the time when payments were made to Kruschinsky by plaintiff in error Murphy. It is clear that only $105 had been paid when the lien notices were served. After that time plaintiff in error Murphy " became responsible to said Kruschinsky and sub-contractors on account of the contract to the extent of $1,200." This is admitted by the answer of plaintiffs in error. Plaintiff in error Murphy did not disclose by his evidence what payments had been made after the lien notices were served. Therefore, plaintiff in error Murphy, after the lien notice, became liable under the contract for an amount of the contract price more than sufficient to cover the claim here enforced. We are of opinion that the allowance of interest was proper under the provisions of the act providing for mechanic's liens. The statute expressly provides therefor. Sec. 22, Mechanic's Lien Act,

36, Chap. 82, R. S. It is complained that the sum of $100 is an excessive amount to be taxed as the fees of the master in chancery for the taking of the evidence and the making of the report herein. But it does not appear that this sum has been taxed as costs. It only appears that at the conclusion of his report the master has noted, " Master's fees, $100," which would indicate that the master desired that amount to be taxed as his fees. If the Superior Court shall hereafter tax an amount to be allowed as master's fees as part of the costs, counsel for plaintiffs in error can interpose any objection they may have to such allowance. The fact that two lien notices were filed is unimportant.

It is suggested by counsel for defendant in error that inasmuch as it does not appear that objections were filed before the master and considered by him, except as shown by the affidavit referred to, and since the court below did not pass upon any exceptions to the master's report, therefore we are now precluded from passing upon the various points urged by the plaintiff in error and above considered by us. But inasmuch as the decree must be sustained upon a consideration of all the grounds presented by counsel for plaintiffs in error, it is unnecessary to pass upon this condition of the record as to objections before the master and exceptions to the master's report, as a further ground for affirming the decree. The decree is affirmed.