**Chicago Brick Company et al., Appellees, v. Edward C. McLester, on appeal of Edward C. McLester et al., Appellants.**

### Gen. No. 15,984.

1. MECHANIC'S LIENS—*when contract sufficient.* A contract for improvements to be made upon several separate though contiguous and adjacent lots made by the agent of the several owners of such lots is sufficient to support a lien for improvements made upon any of such lots which have not been paid for.

2. VARIANCES—*when and how objection should be made.* Objections charging variance must be specific, and in chancery, if the testimony is taken before a master, should be made before him.

3. INTEREST—*when properly allowed.* Lien claims by statute expressly bear interest.

4. INTEREST—*when unreasonable and vexatious delay established.* If indebtedness is clearly established and it does not appear to have been denied, an unreasonable and vexatious delay of payment is established where the defense to the action to recover such indebtedness is predicated solely upon technical grounds.

5. DECREES—*when sufficiency of evidence to support cannot be questioned.* A defendant cannot, after a decree *pro confesso* against him, question the decree or the sufficiency of the evidence to support it.

Mechanic's lien. Appeal from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 20, 1911.

EDMUND W. FROEHLICH, for appellants.

McCULLOCH & McCULLOCH and WILLIAM S. CORBIN, for appellees; BERTRAM W. ROSENSTONE, of counsel.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

On the 4th of December, 1906, appellee, the Chicago Brick Company, filed its petition for a mechanics' lien against certain real estate owned by appellants. The South Side Lumber Company and William Downs, respectively, became parties to the proceeding by answers and intervening petitions, and set up their own respective claims for mechanics' liens upon the same property. Other intervening petitions filed in the case were dismissed in the court below, and are not involved in this appeal.

The intervening petitioners, the South Side Lumber Company, and Downs, respectively, claim under contracts made by them severally with George W. McLester, as agent, for and on behalf of appellants, while the Chicago Brick Company claims as a subcontractor under one Fritz Nelson, who had a similar contract with George W. McLester, as agent, for all the mason work for the three buildings. The case was referred to a master in chancery, who reported in favor of a lien for each of the claimants. Upon a hearing, the court entered a decree on the 9th of April, 1909, sustaining the master's report, except that the court reduced the amount of the lien of William Downs; the decree established the liens in favor of the Brick Company for $257.50 with interest and costs, the Lumber Company for $297.88 with interest and costs, and William Downs for $295 with interest and costs, instead of $445 as fixed by the master.

The appeal brings before us for review the three alleged liens on the property belonging to Edward C. McLester and Nora McLester, his wife, and also the cross errors of William Downs who objects to the reduction made by the court in the amount of his claimed lien. The same questions (as to the Ryan property) are pending in this court, as No. 15985, on a separate appeal. (Post, p. 120.)

It appears that the premises involved in this pro-

ceeding is one of three adjoining lots; one of the three is owned by Pauline McLester, wife of George W. Mc-Lester, another by appellants, Edward C. McLester and Nora McLester, his wife; and the third by Edward J. Ryan and Mary A. Ryan, his wife, as joint tenants. Each of these parties decided to erect improvements on their respective lots in 1906. George W. McLester took charge of the erection of the house upon the lot owned by his wife, and also entered into a contract or agreement with the owners of the other two lots, under which he was to let the contracts for and to supervise the erection of the improvements upon their respective premises, for which he was to receive a stipulated sum as compensation. The various contracts for furnishing labor and material for the three improvements were made by George W. McLester on behalf of, and as agent of his respective principals.

The proceeding involves the question whether improvements made on three separate, though adjacent and contiguous, pieces of ground, owned by three separate owners, and where the contracts under which the liens are claimed, were made with the agent of all the owners, afford the basis for mechanics' liens in favor of the respective contractors, who furnish labor and material for the improvements. The houses were identical in size and the buildings were accepted by their respective owners without objection.

It is stated that Pauline McLester paid the respective contractors for the building constructed by them for her, and that accordingly no lien proceedings were instituted against her property.

The principal contention of appellants as to all the claimants, is (1st) that the mechanics' lien law of this state does not entitle a claimant to a lien under an entire contract to furnish labor or deliver material jointly to two or more persons for improvements on two or more pieces of property; (2nd) that as to all three of the claims there is a variance between the allegations and the proofs; (3rd) that interest was im-

properly allowed upon the claims; and (4th) as to the Chicago Brick Company, that the notice of lien is not shown to have been properly served.

At the outset, we observe that there appears to be no denial that the material was furnished and delivered and the work performed according to the respective contracts; indeed, upon this record, we are justified in finding it as an established fact.

Section 39, Mechanics' Lien Act of 1903, chapter 82, R. S., provides in terms that the mechanics' lien act "is, and shall be liberally construed as, a remedial act." Under this mandate of the Legislature, and the conceded and proven facts in the case, we do not see any legal objection to sustaining the several liens, even though the improvements were erected on separate parcels of land, belonging to different owners; indeed, sections 1, 2 and 21, of the statutes, providing for mechanics' liens, seem to contemplate and in terms to provide for just such a situation.

In the case at bar, it should be noted that the owners of these separate and contiguous lots severally authorized one person to act as their agent in the matter of making the proposed improvements, letting contracts, etc., and that George W. McLester did, as the agent for the others, actually let the contracts for, and supervise the improvements in question. There is no dispute in the evidence that the material and labor furnished, and for which the mechanics' lien was decreed, were furnished equally for each of the buildings. The decree declared the liens of the three appellees severally, for the respective amounts heretofore shown, upon the lot owned by appellants.

The contention made by appellants that such liens could be enforced against several pieces of property only when owned by the same person, cannot be sustained. The phraseology of the statute (sections 1 and 7) seems clearly to negative that contention. Moreover, it is said in Steigleman v. McBride, 17 Ill. 300:

"A mechanics' lien, as created by the statute, is not upon the specific thing furnished, nor upon the interest alone of the party in the land, for whom furnished, but against the land, to be satisfied in any way consistent with the statute and the principles of equity."

To substantially the same effect, see also Lewis et al. v. Rose, 82 Ill. 574; and see also Paulsen v. Manske, 126 Ill. 72, where it is said:

"He (Paulson) was in fact acting for and on behalf of the Browns, and they cannot be permitted to receive the benefit and escape the liability of the mechanics' lien attaching to their interest."

In Sorg v. Crandall, 233 Ill. 79, the court, in defining the word "owner" of real estate, held, in effect, that the word "owner", as used in the act, means all owners who are acting together in the making of the improvements.

We think, therefore, under the conditions shown in this case, the liens were properly enforceable.

If appellants desired to insist upon their point that there was a variance between the proofs and allegations, they should have specifically and with clearness made that objection before the master, instead of relying upon only general objections; indeed, it is not clear that the court was bound to consider them; they should have been specific. Thornton v. Commonwealth Loan & Building Association, 181 Ill. 456-459. The specific point should have been raised before the master, and appellants should have preserved their rights by objection and subsequent exception. The question cannot be raised for the first time in this court. Murphy v. Cicero Lumber Company, 97 Ill. App. 510-517.

Appellants contend that interest should not have been allowed upon these claims, but the statute expressly allows interest on all lien claims. (See sections 1 and 21, Mechanics' Lien Act of 1903.) Murphy v. Cicero Lumber Company, *supra;* Sorg v. Crandall, 129 Ill.

App. 255. Appellants suggest that such provisions of the statute may be unconstitutional, but here disclaim any attack upon the constitutionality of the act allowing interest, which has repeatedly been allowed by the courts under this statute. Merritt v. Crane Company, 126 Ill. App. 337; Murphy v. Cicero Lumber Company, *supra;* Carey-Lombard Lumber Company v. Jones, 187 Ill. 203.

Independently of this particular statute, however, we think the court below was justified in allowing interest. Nowhere is there any denial of these contracts, nor of the indebtedness, except in the case of Downs, whose claim against the owner was not reduced, the reduction being made only in the amount for which a lien was established.

Under these circumstances, we think the court might well have held that interest was chargeable under the provisions of the statute, imposing interest where the money was withheld by unreasonable and vexatious delay of payment. Section 2, chapter 74, R. S.

Considering now appellants' contention that the notice of the Chicago Brick Company was not properly served,—we observe; first, that appellants were defaulted in the bill filed by the Brick Company and a decree *pro confesso* entered against them; second, that the bill alleged the serving of notice and the decree followed the allegations of the bill. As long as the decree is within the allegations of the bill, defendant cannot, after a decree *pro confesso* against him, question the decree or the sufficiency of the evidence to support it. Roby v. Chicago Title & Trust Company, 94 Ill. App. 379; Monarch Brewing Company v. Wolford, 179 Ill. 252.

Appellee, William Downs, assigns as cross errors, the action of the court in fixing the amount of the lien to which he was entitled at the sum of $295, instead of $445, as found by the master. In the light of the evidence before the master, we think the court

was justified in making the reduction. It appears that Downs secured an order for $800 to apply on the contract on November 23, 1906, from George W. McLester. With that order, George W. McLester and Edward C. McLester went with him to the bankers, where Downs drew out that amount and turned over $300 of it to Edward C. McLester; the order evidently having been made $300 larger than it otherwise would have been, for the purpose of including the amount which the McLesters wished to use. After drawing $800, Downs gave Edward C. McLester his check for $300, and took therefor a writing promising to repay the amount within ninety days, thereby accepting other security.

We have carefully considered the decree appealed from the master's report, and the evidence upon which it is based, and we see no sufficient reason for disturbing the decree of the court below, and it will, therefore, be affirmed.

*Decree affirmed.*